## ELI NELSON v. STATE.

No. A-374.   Opinion Filed April 18, 1911.

(114 Pac. 1124.)

1.   **TRIAL—Indorsement of Witnesses—Rights of Accused.** (a) It is an abuse of discretion for the trial court to permit the county attorney to withhold the names of important prosecuting witnesses until the case is called for trial, and then allow them to be indorsed upon an indictment or information, and force the defendant to proceed to trial without a fair opportunity to meet the testimony of such witnesses, and especially so when the county attorney has had such witnesses subpoenaed but failed to serve any notice on defendant or his counsel that such witnesses were to be used in chief.

(b) When, in the exercise of discretion, the trial court permits names of witnesses to be indorsed on an indictment or information, to be called in chief by the state, upon a reasonable showing the defendant should be given an opportunity to meet the testimony of such witnesses.

2.  TRIAL—Instructions—Reasonable Doubt. (a) An instruction defining reasonable doubt should not be given by the trial courts of this state, except upon proper request by defendant.

(b) An instruction on reasonable doubt containing advice to the jury which in effect tells them they are at liberty to ignore their oath in determining what testimony convinces beyond a reasonable doubt is erroneous, and sufficient to entitle the defendant to a new trial.

(Syllabus by the Court.)

*Appeal from District Court, Atoka County; A. T. West, Judge.*

Eli Nelson was convicted of assault with intent to kill, and appeals. Reversed and remanded.

*J. G. Ralls, D. H. Linebaugh,* and *J. H. Gernert,* for appellant.
*Charles West,* Atty. Gen., and *Smith C. Matson,* Asst. Atty. Gen., for the State.

ARMSTRONG, JUDGE. The plaintiff in error, Eli Nelson, was prosecuted in the district court of Atoka county on an indictment charging him with shooting one Mike Leflore with intent to kill. He was convicted and sentenced to serve a year in the penitentiary. From the judgment he appeals, and his appeal has been properly perfected. There are only two assignments of error that we deem it necessary to discuss.

First, is the error complained of in the court permitting the county attorney to indorse the names of certain witnesses to be called in chief immediately before the calling of the case for trial, and in overruling defendant's motion for a continuance on the ground of surprise. The record discloses the fact that the two witnesses whose names were endorsed on the indictment were eye-witnesses to the transaction, that they had been subpœnaed several days before, and no notice had been given either to the defendant or his counsel that the state would call them in chief. Immediately upon

5 Cr.—24

the court permitting the endorsement of the names of these witnesses on the indictment, counsel for the defendant filed a lengthy motion for continuance. The motion is very general in its nature, and we are not able to determine from reading it just how the defendant expected to meet or could have met the testimony of these witnesses. If the motion had been explicit and contained facts showing that the defendant could have introduced witnesses, giving facts they would testify to, to meet the testimony of these two witnesses, this case would certainly have to be reversed upon this ground. These matters are addressed to the sound discretion of the trial court, but we think it would be a clear abuse of discretion such as would entitle the defendant to a new trial for the trial court to permit the county attorney to withhold the names of important witnesses until the case is called for trial, and then refuse a continuance in order to permit the person on trial to be able to meet the testimony of the witnesses so indorsed, if a reasonable showing is made that he could be able to have such testimony or such witnesses. Common fairness would not permit a practice of this kind. The only witness that the defendant names in his application for a continuance was a witness who had been before the examining magistrate, and for whom a subpœna had been issued by the state. The record shows that the defendant had not endeavored to procure the attendance of this witness by securing process, and the only showing whatever indicating that he really wanted the witness is his statement in his affidavit that he had tried to find him. We do not think that the affidavit shows sufficient diligence so far as this particular witness is concerned. No other witness having been named, and no facts sufficient to show that the defendant could meet the testimony of these witnesses having been set up, we think the court properly overruled the motion for continuance.

The next assignment we shall consider is that involving the eighth instruction of the court, attempting to define reasonable doubt. The court, after telling the jury what a reasonable doubt

is not, correctly defines the same, and then closes the instruction with the following very unusual comment:

"You are not at liberty to disbelieve as jurors, if from the evidence you believe as a man. Your oath imposes upon you no obligation to doubt, where no doubt would exist if no oath had been taken."

Such instructions as this have been repeatedly criticised and condemned by this court. A great many of the instructions condemned have not been as vicious as this. The effect of this instruction is to advise the jury to disregard their oaths as jurors. If a juror is to be no more careful in determining what evidence convinces beyond a reasonable doubt under his oath than he would be if not under oath, then there is no use swearing the jury at all.

For the error in giving this instruction, this cause is reversed, and a new trial awarded.

FURMAN, Presiding Judge, and DOYLE, Judge, concur.