JENNIE HAYWOOD v. STATE.

No. A-960.   Opinion Filed November 24, 1911.

Appeal from Payne County Court; P. D. Mitchell, Judge.

Jennie Haywood was convicted of violating the prohibitory law, and appeals.   Reversed and remanded.

Freeman E. Miller, for plaintiff in error.

Smith C. Matson, Asst. Atty. Gen., for the State.

PER CURIAM.   Plaintiff in error was tried and convicted in the county court of Payne county at the July, 1910, term, on a charge of selling intoxicating liquor, and was sentenced to pay a fine of fifty dollars and be confined in the county jail for a period of thirty days. A number of errors are assigned for a reversal of this cause; among others, error of the court in giving the following instruction:

"The jury are instructed that in determining the weight to be given to the testimony of a witness, you will take into consideration the intelligence of the witness, the circumstances surrounding the witness at the time, concerning the matter about which he testifies; his interest, if any, in the result of the action; his bias, or prejudice, if any; his manner on the witness stand; his apparent fairness or want of fairness, the reasonableness or unreasonableness of his testimony; his knowledge and means of observation, the character of his testimony, whether affirmative or negative—and all matters and facts and circumstances shown in the evidence on the trial bearing upon the question of the weight to be given to his testimony, and give each witness' testimony such weight as to you it may seem fairly entitled. You are to believe as jurors what you would believe as men, and there is no rule of law which requires you to believe as jurors what you would not believe as men."

This court held, in the case of Nelson v. State, 5 Okla. Cr. 368, 114 Pac. 1124, that an instruction similar to the one here given was erroneous, and was sufficient to entitle the accused to a new trial. The judgment is reversed and the cause remanded with directions to grant a new trial.