## JODIE VANDERBURG v. STATE.

No. A-923.   Opinion Filed January 3, 1912.

(120 Pac. 301.)

TRIAL—Verdict—Impeachment. A verdict cannot be impeached by the affidavit or testimony of a juror that he did not agree to the finding, or that a verdict of guilty was found to save the state from paying costs.

(Syllabus by the Court.)

*Appeal from Jefferson County Court; G. M. Bond, Judge.*

Jodie Vanderburg was convicted of violating the prohibitory law, and appeals. Affirmed.

*C. A. McBrian,* for plaintiff in error.

*Smith C. Matson* and *E. G. Spilman,* Asst. Attys. Gen., for the State.

DOYLE, J.  The plaintiff in error was convicted in the county court of Jefferson county on an information which charged that

he did have in his possession intoxicating liquor with the intention of selling or otherwise furnishing the same, contrary to the provisions of the prohibition law. August 27, 1910, in accordance with the verdict of the jury, he was sentenced to serve a term of 30 days in the county jail, and to pay a fine of $100. From this judgment he appeals.

It is contended that the verdict is contrary to the evidence and contrary to the law. The evidence tended to show that the defendant conducted a restaurant and pool hall in the town of Terral; that in a room partitioned off from the pool hall at least two dozen bottles of whisky were found, concealed beneath a trapdoor under the floor. In the same room gambling devices, cards, chips, and empty whisky bottles were found. These predisposing facts and circumstances are clearly sufficient to prove the unlawful intent.

In support of a motion for a new trial the testimony of one of the jurors was taken, wherein he testified in substance that the verdict of the jury was not unanimous, and that he did not vote for a conviction. Two other jurors were permitted to testify that the question of taxes was discussed, and that the costs would be thrown on the state, if they did not stick the defendant. It will be sufficient to say on this question that jurors will not be allowed to impeach their verdict by their affidavits or testimony after they have been discharged. *Spencer v. State,* 5 Okla. Cr. 7, 113 Pac. 224.

Finding no error prejudicial to the substantial rights of the defendant, the judgment is affirmed.

FURMAN, P. J., and ARMSTRONG, J., concur.