### J. D. WELSH v. STATE.

No. A-1035.   Opinion Filed May 18, 1912.

(123 Pac. 705.)

**APPEAL—Review—Questions of Fact.** When the jury find a verdict of guilty, which is approved by the trial court, and there is evidence in the record to sustain the verdict, it will not be set aside in the absence of prejudicial error.

(Syllabus by the Court.)

*Appeal from Okfuskee County Court;*
*T. T. Doyle, Judge.*

J. D. Welsh, Jr., was convicted of a violation of the prohibition law, and appeals.   Affirmed.

*Huddleston & Hockensmith* for plaintiff in error.

*Chas. West,* Atty. Gen., and *E. G. Spilman* and *Smith C. Matson,* Asst. Attys. Gen., for the State.

DOYLE, J.   The plaintiff in error was convicted in the county court of Okfuskee county on an information which charged that he did have in his possession intoxicating liquors with the intention of violating provisions of the prohibition law.   January 21, 1911, he was sentenced to serve a term of 90 days in the county jail and to pay a fine of $250.   From the judgment and order overruling a motion for a new trial he appeals.

It is contended that the verdict is contrary to the evidence. The proof on the part of the prosecution was the testimony of a deputy sheriff and constable that on serving a search warrant they found whisky in two quart bottles and a part of a gallon of wine in the defendant's place of business, a pool hall and cold drink stand in the town of Boley.   The whisky and wine were found behind a bar.   In an around the premises they found several barrels of empty whisky and beer bottles.   The defendant testified that he bought the liquors at Ft. Smith for his own use.

As it was said in *Vanderburg v. State,* 6 Okla. Cr. 485, 120 Pac. 301, these predisposing facts and circumstances are clearly sufficient to prove the unlawful intent. The jury had a right to take into consideration the fact that these liquors were found practically exposed for sale in the defendant's place of business, and presumably for this reason the testimony of the defendant was not taken as true. The evidence presents every indication that the defendant was engaged in running a joint. When the jury find a verdict of guilty, which is approved by the trial court in overruling a motion for a new trial, and there is evidence in the record which sustains the verdict, it will not be set aside in the absence of prejudicial error. There is no error in the record.

The judgment of the county court of Okfuskee county is therefore affirmed, and the cause remanded thereto, with direction to enforce its judgment and sentence therein.

FURMAN, P. J., and ARMSTRONG, J., concur.