## R. M. HERMAN v. STATE.

No. A-1276.  Opinion Filed December 7, 1912.

(128 Pac. 179.)

1. **INTOXICATING LIQUORS—Intent Unlawfully to Sell—Evidence.**
   Where the defendant is charged with having in his possession
   intoxicating liquors with intent unlawfully to sell, barter, give
   away, and otherwise furnish the same, the unlawful intent may
   be proven by circumstantial evidence.

2. **SAME—Sufficiency of Evidence.** For circumstantial evidence
   sufficient to sustain conviction, see opinion.

(Syllabus by the Court.)

*Appeal from Kay County Court;*
*Claude Duval, Judge.*

R. M. Herman was convicted of violation of the prohibitory
law, and brings error. Affirmed.

*Herman S. Gurley,* for plaintiff in error.

*Smith C. Matson,* Asst. Atty. Gen., for the State.

DOYLE, J.   The plaintiff in error was convicted in the coun-
ty court of Kay county on an information which charged the un-
lawful possession of intoxicating liquors with intent unlawfully
to sell, barter, give away, and otherwise furnish the same.   May
19, 1911, he was sentenced to serve a term of 90 days in the county
jail, and to pay a fine of $400.   To reverse this judgment an
appeal was taken by filing in this court, July 12, 1911, a petition
in error with case-made.

It is contended that the verdict is contrary to law and to the
evidence.

The evidence shows that on the day named in the information
the plaintiff in error was the keeper of a hotel and pool hall at
Kaw City; that John Hight, a deputy sheriff, and B. H. Kinner,
marshal of Kaw City, in serving a search warrant, found a bar-
rel of beer and about three dozen bottles of liquor in a room

back of the pool hall. Part of the liquor was concealed in a washing machine, one bottle was in an ice box, and one bottle was found under the floor. They also found four or five barrels of empty bottles in a sample room, and five empty ten-gallon kegs stamped "whisky."

There was no evidence offered on the part of the defendant.

The possession of intoxicating liquor, even of various kinds, is not, of itself, and if that were the only fact proved, sufficient to justify a verdict of guilty of unlawful intent. But the evidence in this case goes beyond that. The business conducted by the defendant, a place of public resort; the manner in which the liquors were concealed in such place—furnished an indication of an intent to violate the prohibition law, rather than to apply to the personal use of the defendant. As it was said in *Vanderburg v. State,* 6 Okla. Cr. 485, 120 Pac. 301, and *Welsh v. State,* 7 Okla. Cr. 358, 123 Pac. 705, these predisposing facts and circumstances are clearly sufficient to prove the unlawful intent.

The gravest crimes, entailing the severest punishment, may be proved by circumstantial evidence; and certainly crimes of lesser degree may be so established.

When the jury finds a verdict of guilty, which is approved by the trial court in overruling a motion for a new trial, and there is evidence in the record which sustains the verdict, it will not be set aside, in the absence of prejudicial error. There is no error in the record. The judgment of the county court of Kay county is therefore affirmed, and the cause remanded thereto, with direction to enforce its judgment and sentence therein.

FURMAN, P. J., and ARMSTRONG, J., concur.