## S. S. STAR v. STATE.

No. A-1519.   Opinion Filed April 22, 1913.

(131 Pac. 542.)

1. **INDICTMENT AND INFORMATION—Time of Offense—Language.**
   (a) The precise time at which an offense was committed need not be stated in an indictment, but it may be alleged to have been committed at any time prior to the filing of such indictment, except in cases where time is a material ingredient of the offense.

   (b) An indictment is sufficient if the offense charged therein is clearly set forth in ordinary and concise language, without repetition, and in such a manner as to enable a person of common understanding to know what is intended thereby.

2. **NEW TRIAL—Affidavit and Testimony of Juror.** The affidavits or the testimony of the jurors cannot be used for the purpose of impeaching their verdict, but may be considered for the purpose of sustaining it.

3. **TRIAL—Accusation—Indorsement of Names of Witnesses—Discretion—Continuance.** (a) In felony cases the court in its discretion may permit the names of additional witnesses to be indorsed upon an indictment or information after the trial has begun, and such action will not be subject to review upon appeal

unless it be made to appear that there was an abuse of this discretion to the injury of the defendant.

(b) If, after announcing ready for trial, the court permits the names of additional witnesses to be indorsed upon an indictment or information, and if the defendant is surprised thereat, and if the indorsement of the names of the additional witnesses requires the production of further testimony upon the part of the defendant, the defendant should withdraw his announcement of ready for trial and file a motion for a continuance, in which he should set up the facts constituting such surprise and what evidence, if any, he could produce if the case were continued, to rebut the testimony of such additional witnesses for the state.

(c) The statute with reference to indorsing the names of additional witnesses upon an indictment or information in misdemeanor cases has no application to felony cases.

4. **TRIAL—Instruction on Circumstantial Evidence—Necessity—Sufficiency.** (a) An instruction upon the subject of circumstantial evidence should never be given unless the testimony for the prosecution is wholly circumstantial.

(b) Where an instruction on circumstantial evidence is necessary, it is a mistake for the court to give lengthy explanations of circumstantial evidence; but it is sufficient for the court to instruct the jury that the circumstances proven must not only be consistent with the guilt of the defendant, but they must also be inconsistent with his innocence and incapable of any other reasonable explanation, except that of his guilt.

5. **APPEAL—Objection Below—Sufficiency—Instruction.** General exceptions to instructions of the court to the jury will not be considered on appeal. The attention of the court should be directly called to the instruction objected to, in order that the court may have an opportunity to correct any error which it may contain.

6. **TRIAL—Argument of Counsel—Appeal and Error—Record.** (a) Counsel for appellant cannot be heard to complain if the county attorney in his closing argument to the jury is permitted to go out of the record in his reply to arguments made by counsel for the defendant, which were also out of the record.

(b) Where an appellant desires to present a question to this court, it is his duty to bring up enough of the proceedings of the lower court to enable this court to pass intelligently and safely upon the question presented.

(Syllabus by the Court.)

*Appeal from District Court, McIntosh County;*
*Preslie B. Cole, Judge.*

S. S. Star was convicted of the larceny of cattle, and appeals. Affirmed.

*S. M. Rutherford,* for appellant.
*Smith C. Matson,* Asst. Atty. Gen., for the State.

FURMAN, J. First. In his brief counsel for appellant says:

"The defects in the indictment are that the time and place of the issuable facts contained in said presentment are not specific. The indictment alleges that on the 25th day of January this defendant, in connection with Jim Star, stole certain cattle belonging to one J. C. Crabtree. No other allegation of time is stated in the indictment, save and except the one specified in the beginning. This is not sufficient, as we contend."

The charging part of the indictment is as follows:

"That in said McIntosh county, and state of Oklahoma, on the 25th day of January, in the year of our Lord one thousand nine hundred and ten, and prior to the finding of this indictment, S. S. Star, and James Star, did in the county and state aforesaid, and at the time aforesaid, unlawfully, feloniously and by fraud and stealth and with the intent to deprive the owner, J. C. Crabtree, thereof, take, steal and carry away thirty steers, described as follows, to wit, thirty steers being red in color and three years old each, which said thirty steers was then and there the personal property of the said J. C. Crabtree, and was then and there of the value of twenty-five dollars each, and said S. S. Star and James Star did so unlawfully, feloniously, and by fraud and stealth and with the intent to deprive the said owner, J. C. Crabtree, thereof, take, steal and carry away the said thirty steers, with the felonious intent to convert the said thirty steers to their own use, contrary to the form of the statutes in such cases made and provided and against the peace and dignity of the state."

The contention of counsel for appellant is that time and place should not merely be mentioned at the beginning of the indictment, but should be repeated at each issuable and triable fact. They cite a number of authorities sustaining this contention. There can be no question but that this was the ancient rule, but conditions which brought this rule into existence have

long since passed away and ceased to exist. Originally defendants were not allowed to be represented by counsel or to testify in their own behalf. Neither were they allowed to summon witnesses and place them upon the stand for the purpose of explaining or contradicting testimony for the prosecution. It was deemed derogatory to the crown to permit the witnesses in its behalf to be contradicted. The injustice of these laws was, so manifest that the trial judges, in order to mitigate the hardships of the law, invented and built up an artificial technical system for the protection of men charged with crime, who otherwise would be at the mercy of the prosecution. But this condition, as before stated, no longer exists, and the technical system which was built up solely for the purpose of mitigating the rigors of the law should also cease to exist. Even if this did not result from common sense and justice, our statute in express terms repeals the artificial rules of pleading established by the common law.

Section 6700, Comp. Laws 1909 (Rev. Laws, 5742), on the question of time, is as follows:

"The precise time at which the offense was committed need not be stated in the indictment; but it may be alleged to have been committed at any time before the finding thereof, except where the time is a material ingredient in the offense."

Section 6704, Comp. Laws 1909 (Rev. Laws, 5706), in express terms declares that the indictment is sufficient if it can be understood therefrom that the act or omission charged as the offense is clearly and distinctly set forth in ordinary and concise language, without repetition, and in such a manner as to enable a person of common understanding to know what is intended.

Section 6705, Comp. Laws 1909 (Rev. Laws, 5746), is as follows:

"No indictment is insufficient, nor can the trial, judgment, or other proceedings thereon be affected, by reason of a defect or imperfection in the matter of form which does not tend to the prejudice of the substantial rights of the defendant upon the merits."

We are therefore of the opinion that the demurrer to the indictment in this case was properly overruled by the trial court.

Second. It is insisted in the brief of counsel for appellant that the court erred in not sustaining the motion for a new trial on account of the affidavit and testimony of the juror Le Blanche. The affidavit and testimony of the juror Le Blanche is to the effect that, something more than a year previous to the trial, said juror had met J. C. Crabtree, the owner of the stolen cattle, at a picnic; that, in a conversation with said Crabtree, said Crabtree had told him about the stealing of his cattle, and that said juror Le Blanche had forgotten this conversation with Crabtree and did not remember it until after being accepted on the jury. On cross-examination the juror Le Blanche testified that the statements made to him by said Crabtree did not in any manner affect his verdict, and that he did not communicate said statements to any of the other jurors. It was also proven that, when the jury retired to consider of their verdict, the vote on the first ballot stood 11 for conviction and one for acquittal, and that the juror Le Blanche then voted for an acquittal. The court did not err in refusing to grant a new trial on account of the affidavit and testimony of the juror Le Blanche. It is the settled law in this state that the affidavit or testimony of a juror cannot be used for the purpose of impeaching the verdict of such juror. If this were permitted, it would subject jurors to all sorts of intimidations and temptations and would tend to unsettle and make insecure the verdicts of juries and the judgments of courts and would place a premium upon corruption. See *Colcord v. Conger,* 10 Okla. 460, 62 Pac. 276; *Vanderburg v. State,* 6 Okla. Cr. 486, 120 Pac. 301; *Keith v. State,* 7 Okla. Cr. 156, 123 Pac. 172; and *Overton v. State,* 7 Okla. Cr. 204, 114 Pac. 1132, 123 Pac. 175. But, even, if this were not the law, the trial court did not err in its ruling upon the question, because the testimony shows that, notwithstanding the statements said to have been made to the juror Le Blanche by the owner of the cattle, said juror voted for

acquittal and only agreed to a conviction upon a consideration of the entire testimony and the argument of the other 11 jurors.

Third. Counsel for appellant complains at the action of the trial court in permitting the state to indorse the names of Cliff Sellers, Bob Sellers, Minnie Harris, Mollie Sellers, Claude Carlile, Jim Jackson, and Dan Foster upon the indictment over the objection and protest of counsel for appellant. The record discloses the fact that, when the case was called for trial, the state announced ready for trial and the defendant made a motion for a continuance which was overruled, and then declined to make an announcement. Thereupon the court directed that a jury should be called. Mr. Robertson, representing the state, requested permission to indorse the names of some additional witnesses upon the indictment, and stated that he did not know that they were important witnesses in the case until a short time before this and did not understand that he had the right to indorse their names on the indictment except in open court and by permission, and this was the first day of the term on which the attorney for appellant had been in court; that he had not cared to ask permission because of his absence. Permission of the court was granted to the county attorney to indorse the names of the witnesses upon the indictment, to which counsel for appellant excepted. But the record fails to show that counsel for appellant was surprised at the action of the court in permitting the names of said witnesses to be indorsed upon the indictment, or that the use of such witnesses by the state required the production of any additional testimony upon the part of appellant. Neither did counsel for appellant ask for time with which to prepare a motion for a continuance on account of the names of the additional witnesses indorsed upon the indictment. But the objection is made that the court should not have permitted the names of the additional witnesses to be indorsed upon the indictment after the trial had begun. In support of this position, counsel for appellant cite the cases of *Nelson v. State,* 5 Okla. Cr. 368, 114 Pac. 1124, and *Hawkins v. State,*

6 Okla. Cr. 308, 118 Pac. 607. Neither of these authorities supports the contention of counsel for appellant. In fact, the case of *Nelson v. State, supra,* is decisive of this question as against the contention of counsel for appellant.

In Nelson's case the court permitted the indorsement of the names of additional witnesses upon the indictment after the case was called for trial. Counsel for appellant filed a motion for a continuance, which was overruled. This court said:

"No facts sufficient to show that the defendant could meet the testimony of these witnesses having been set up, we think the court properly overruled the motion for a continuance."

It is true that Nelson's conviction was reversed, but it was upon another question entirely. The case of *Hawkins v. State, supra,* is not in point. This was for a conviction of a misdemeanor, and the decision was based upon an arbitrary statute which is applicable to misdemeanors only, which statute has no application to felony cases. But, even if the statute upon which the decision in Hawkins' case was rendered was also applicable to felonies, we think a sufficient showing was made by the state to authorize the court to permit the indorsement of the names of the witnesses upon the indictment, even after the trial began, especially in view of the fact that appellant did not make any effort to continue the case in order that he might obtain additional witnesses to rebut the testimony of the witnesses, whose names were indorsed upon the indictment. In the later case of *Ostendorf v. State,* 8 Okla. Cr. 360, 128 Pac. 143, we discussed this question fully, and as applicable to both misdemeanors and felonies, this court said:

"Where a witness has been improperly allowed to testify in a case, and the defendant is surprised thereat, he should promptly withdraw his announcement of ready for trial and file a motion for a continuance, in which he should set up the facts which constitute such surprise, and also show how he would be injured by the reception of such testimony and why he should have additional time for preparation for trial on account of such testimony, and what evidence, if any, he could produce if given such time to rebut the testimony of such witness. A failure to

do this constitutes a waiver of objection to the testimony of such witness."

As many lawyers do not recognize the difference made in our statutes between felonies and misdemeanors in the matter of indorsing the names of witnesses on indictments or informations, we will quote these statutes.

Section 6644, Comp. Laws 1909 (Rev. Laws, 6694), is as follows:

"The county attorney shall subscribe his name to informations filed in the county or district court and indorse thereon the names of the witnesses known to him at the time of filing the same. He shall also indorse thereon the names of such other witnesses as may afterwards become known to him, at such time before the trial as the court may by rule prescribe. All informations shall be verified by the oath of the prosecuting attorney, complainant or some other person: Provided, that when an information in any case is verified by the county attorney, it shall be sufficient if the verification be upon information and belief."

It is seen that this statute relates only to misdemeanors, for in 1895, when this statute was enacted, a defendant could not be prosecuted for a felony by information, and this statute requires that the names of additional witnesses must be indorsed on the information before the trial begins. Placing a liberal construction upon this statute to prevent a miscarriage of justice, we have always held that, even after the trial has begun, the names of additional witnesses might be indorsed upon the information if the county attorney had not had previous knowledge of the fact that they were material witnesses, and when this could be done without placing the defendant at a disadvantage.

Section 6691. Comp. Laws 1909 (Rev. Laws, 5733), relating to prosecutions for felonies, is as follows:

"When an indictment is found, the names of the witnesses examined before the grand jury must be indorsed thereon before the same is presented to the court, but a failure to so indorse the said names shall not be sufficient reason for setting aside the indictment if the county attorney or prosecuting officer will within a reasonable time, to be fixed by the court,

indorse the names of the witnesses for the prosecution on the indictment. The court or judge may, at any time, direct the names of additional witnesses for the prosecution to be indorsed on the indictment, and shall order that such names be furnished to the defendant or his counsel."

This statute permits the indorsement of the names of additional witnesses upon an indictment or information at any time within the discretion of the court. We have therefore always held that in felony cases it is within the discretion of the court to permit the names of additional witnesses for the prosecution to be indorsed on an indictment after the trial has begun. See *Vance v. Territory*, 3 Okla. Cr. 208, 105 Pac. 307, and *Stockton v. State*, 5 Okla. Cr. 310, 114 Pac. 626. To prevent any advantage being taken of a defendant, we have also held that in felony cases, when the names of additional witnesses are indorsed upon an indictment after the trial has begun, the defendant might file a motion for a continuance under the conditions stated in *Nelson v. State*, 5 Okla. Cr. 368, 114 Pac. 1124, and *Ostendorf v. State*, 8 Okla. Cr. 360, 128 Pac. 143.

Fourth. Counsel for appellant complains at the action of the court in refusing to give a special requested instruction upon the subject of circumstantial evidence. An instruction upon the subject of circumstantial evidence should never be given unless the testimony in the case on the part of the prosecution is wholly circumstantial. See *Hendrix v. United States*, 2 Okla. Cr. 240, 101 Pac. 125. While it is true that much of the testimony in this case against appellant is circumstantial, yet the state's witness Cliff Sellers testified directly and positively as to the guilt of appellant. It is true that Sellers was an accomplice, but this does not alter the rule dispensing with the instruction upon circumstantial evidence, where there is direct and positive evidence of the guilt of the accused. The instruction requested by appellant upon the subject of circumstantial evidence was argumentative and confusing in its character and should not have been given in the form requested, even if all of the testimony in the case was purely circumstantial. In a case

depending upon circumstantial evidence alone, the court should instruct the jury that the circumstances proven must not only be consistent with the guilt of the defendant, but they must also be inconsistent with his innocence and capable of no other reasonable explanation than that of his guilt. It is a mistake for the trial court to give a lengthy instruction attempting to explain circumstantial evidence.

Fifth. Counsel for appellant complains in his brief of a number of alleged errors in the instructions of the court to the jury. We cannot consider these objections, because proper exceptions were not reserved to the instructions at the trial. The record shows that, after the instructions were read to the jury, counsel for appellant stated that he excepted to each and every instruction given by the court, and to each and every paragraph thereof. This only amounts to a general exception which we cannot consider for any purpose whatever. When counsel desire to except to any instruction, the attention of the court should be directly called to the instruction objected to in order that the court may be given an opportunity to correct any error which it may contain. If this is not done, errors in the instructions will be waived, unless they are fundamental. See *Summers v. State,* 7 Okla. Cr. 11, 120 Pac. 1031. We find no fundamental error in the instructions of the court.

Sixth. Counsel for appellant complains at length of remarks made by the county attorney in his closing speech to the jury. The record contains a full stenographic report of the closing argument of the county attorney, which is interspersed with numerous objections made by counsel for appellant to portions of said argument. The county attorney claims that he was only replying to arguments made by counsel for appellant. The trial court sustained the contentions of the county attorney. If it be true that counsel for appellant had gone outside of the record in his argument, he cannot be heard to complain that the county attorney was permitted to reply to such

arguments. The trial judge, who had heard both arguments, decided that the county attorney was within the record. We cannot presume error in any case, but, on the contrary, we must presume that all of the rulings of the trial court are regular unless the contrary is clearly made to appear from the record. In the case of *Cowan v. State,* 5 Okla. Cr. 313, 114 Pac. 627, this court held that, where an appellant desires to present a question to this court for decision and seeks to get it to review the decision of the trial court and pass upon any matter occurring during the trial, it is the duty of appellant to at least bring up enough of the proceedings of the lower court to enable this court to pass intelligently upon the question presented. Where this is not done, we will presume that the ruling of the trial court was correct. We cannot say from the record before us that the trial court erred in the matter complained of.

We think that the evidence in this case amply sustains the conviction; and, as no prejudicial error appears in the record, the judgment of the lower court is in all things affirmed.

DOYLE, J., concurs; ARMSTRONG, P. J. not participating.