## OTTO TRONIER v. STATE.

No. A-2002.    Opinion Filed May 16, 1914.

(140 Pac. 789.)

APPEAL—Verdict—Evidence. When the jury find a verdict of guilty, which is approved by the trial court, and there is evidence in the record to sustain the verdict, it will not be set aside, in the absence of prejudicial error.

*Appeal from County Court, Pittsburg County;*
*B. P. Hammond, Judge.*

Otto Tronier was convicted of a violation of the prohibition law, and appeals.   Affirmed.

*Andrews & Day,* for plaintiff in error.

*Chas. West,·* Atty. Gen., and *C. J. Davenport,* Asst. Atty. Gen., for the State.

DOYLE, J.   Plaintiff in error was tried and convicted in the county court of Pittsburg county, on an information which charged that Otto Tronier did on or about the 14th day of December, 1912, unlawfully have in his possession and under his control certain intoxicating liquors, to wit, gin, with the intent then and there to sell said liquor.   March 20, 1913, he was sentenced in accordance with the verdict of the jury to be confined in the county jail for 30 days and to pay a fine of $50.   To reverse this judgment an appeal was taken.

The only question presented arises upon the sufficiency of the evidence to sustain the verdict.   The proof on the part of the prosecution was the testimony of the sheriff of Pittsburg county, who testified that on the date alleged the defendant was conducting a place at the rear end of a butcher shop; that there was a pool table there, and a counter, and a cigar case on the counter; that he peeped through a crack in the wall, and saw the defendant behind the counter, and three or four men in front of the counter drinking whisky, which was poured out of a bottle into glasses on the counter; that he then went in and asked the defendant if he was running a saloon; that he went behind the counter and found a quart bottle partly filled with gin, and some whisky in one of the glasses.   This was all the evidence in the case.   There was no testimony offered on the part of the defendant.

As was said in *Vanderburg v. State,* 6 Okla. Cr. 485, 120 Pac. 301, these predisposing facts and circumstances are clearly sufficient to prove the unlawful intent.   The jury had a right to take into consideration the fact that the liquor was found prac-

tically exposed for sale in the defendant's place of business, and this evidence is undisputed. We think the evidence presented every indication that the defendant was engaged in running a "joint." When the jury find a verdict of guilty, which is approved by the trial court in overruling a motion for a new trial, and there is evidence in the record which sustains the verdict, it will not be set aside, in the absence of prejudicial error.

Finding no error in the record, the judgment of the lower court is affirmed.

ARMSTRONG, P. J., and FURMAN, J., concur.