## J. C. KINNEY *et al.* v. STATE.

No. A-3105. Opinion Filed April 21, 1919.

(179 Pac. 946.)

1. **APPEAL AND ERROR—Review—Questions of Fact.** This court will not substitute its judgment on disputed questions of fact for that of the jury which tried the case. Where there is competent and legal evidence establishing the corpus delicti of the

crime and connecting defendant with it, the evidence will be held sufficient on appeal. although there may be a conflict between the testimony of the witnesses for the state and those for the defendant.

2. **TRIAL—Refusal to Instruct—Circumstantial Evidence.** Where the state does not rely alone on circumstantial evidence for a conviction, it is not error for the trial court to refuse to give an instruction on the law applicable to circumstantial evidence.

*Appeal from County Court, Tulsa County;*
*H. L. Standeven, Judge.*

J. C. Kinney and Bedford Godwin were jointly tried and convicted of the crime of unlawful possession of intoxicating liquors, Kinney's punishment being fixed at a fine of $200 and 60 days' imprisonment in the county jail, and Godwin's at a fine of $50 and 30 days' imprisonment, and both appeal. Judgment as to each affirmed.

*Fred W. Kopplin,* for plaintiffs in error.

*S. P. Freeling,* Atty. Gen., and *R. McMillan,* Asst. Att. Gen., for the State.

PER CURIAM. This is an appeal from the county court of Tulsa county wherein defendants, J. C. Kinney and Bedford Godwin, were each convicted upon a joint trial for the crime of unlawful possession of intoxicating liquors, and sentenced to serve the respective terms of imprisonment and to pay the respective fines above set forth.

Counsel for the defendants has filed an extensive brief in their behalf, relying largely upon the insufficiency of the evidence to sustain the convictions.

We deem it unnecessary to enter into a discussion of the sufficiency of the evidence, as the record is somewhat voluminous for a misdemeanor conviction. The transcript of the evidence has been carefully examined, and the conclusion is reached that there is evidence in the record

from which the jury could legitimately reach the conclusion that each of these defendants was guilty of the crime charged. It is not the intention, nor do we deem it our privilege, nor are we authorized to substitute our judgment on disputed questions of fact for that of the jury which tried the case. Where there is any competent and legal evidence establishing the *corpus delicti* of the crime and connecting defendants with it, the evidence will be held sufficient on appeal, although there may be a conflict between the testimony of the witnesses for the state and those for the defendant.

Another alleged error relied upon is the refusal of the court to give a requested instruction on circumstantial evidence. In the prosecution of this case, the state did not rely alone on circumstantial evidence for a conviction. It is only in cases where the evidence adduced to support the conviction is entirely circumstantial that it is held to be error for the trial court to fail and refuse to instruct on the law applicable to circumstantial evidence when the defendant requests it. In cases of this character the accused is not, as a matter of right, entitled to have the jury instructed upon the law applicable to circumstantial evidence. *Starr v. State,* 9 Okla. Cr. 210, 131 Pac. 543; *Price v. State,* 9 Okla. Cr. 359, 131 Pac. 1102.

Finding no reversible error in the record, the judgment as to each defendant is affirmed.