BESSIE THOMPSON v. STATE.

No. A-3283. Opinion Filed Oct. 25, 1919.

(184 Pac. 467.)

Appeal from County Court, Garfield County; E. L. Swigert, Judge.

Bessie Thompson was convicted of the crime of keeping a bawdy-house, and her punishment fixed at a fine of $100, and she appeals. Affirmed.

W. W. Sutton, for plaintiff in error.

S. P. Freeling, Atty. Gen., and W. C. Hall, Asst. Atty. Gen., for the State.

PER CURIAM. This is an appeal from the county court of Garfield county, wherein the defendant was convicted of the crime of keeping a bawdyhouse, and house of prostitution, and place for persons to visit for unlawful sexual intercourse, and fined in the sum of $100.

The prosecution is based on section 2467, Rev. Laws 1910, which provides as follows:

"Any person who keeps any bawdyhouse, house of ill fame, or assignation, or of prostitution, or any other house or place for persons to visit for unlawful sexual intercourse, or for any other lewd, obscene or indecent purpose, is guilty of a misdemeanor and upon conviction shall be fined in any sum not less than one hundred dollars nor more than five hundred dollars for each offense."

The charging part of the information alleges that:

"On or about the 1st day of August, 1917, in Garfield county and state of Oklahoma, one Bessie Thompson did then and there unlawfully and willfully keep and maintain a bawdyhouse, and house of prostitution and a place for persons to assemble for unlawful sexual intercourse, at about 104½ West Randolph street, in the city of Enid, said county and state."

The defendant demurred to the information on the ground that the same did not state facts sufficient to constitute an offense. The demurrer was overruled, and exception taken thereto, and it is here urged that the court erred in overruling the said demurrer to the information.

The information is drawn in the language of the statute, and in the opinion of the court is sufficient to charge the offense.

It is also urged that the court erred in overruling the demurrer to the evidence and refusing to direct a verdict of not guilty after the conclusion of the state's evidence.

The court has carefully examined the evidence, and the conclusion is reached that the facts and circumstances detailed by the state's witnesses, if believed by the jury, was sufficient to sustain the conviction. While there was a sharp conflict between the testimony given by the witnesses for the state and those for the defendant, it was for the jury to determine whom they would believe and whom disbelieve.

The trial court also, over the objection and exception of defendant's counsel, gave an instruction defining the term "reasonable doubt." This court has repeatedly admonished trial courts against giving any instruction attempting to define the term "reasonable doubt." Gransden v.

State, 12 Okla. Cr. 417, 158 Pac. 157; Nelson v. State, 5 Okla. Cr. 369, 114 Pac. 1124.

However, the jury was told that, before the defendant could be found guilty, the jury must have "a fixed abiding conviction" of guilt. An instruction defining the term "reasonable doubt" similar to the one given in this case was approved by the Supreme Court of the United States in Hopt v. Utah, 120 U. S. 430, 7 Sup. Ct. 614, 20 L. Ed. 708.

This court is not authorized to reverse a judgment of conviction on the ground of a misdirection of the jury unless the error complained of apparently resulted in a miscarriage of justice, or deprived the defendant of some constitutional or statutory right. Section 6005, Rev. Laws 1910.

Finding no error in the record which resulted to the prejudice of the substantial rights of the defendant, the judgment is affirmed.