## HENCE WOFFORD v. STATE.

No. A-5284. Opinion Filed Jan. 30, 1926.
(242 Pac. 1055.)

T. H. Davidson, for plaintiff in error.

The Attorney General, for the State.

BESSEY, P. J.   Hence Wofford, plaintiff in error, for convenience referred to as the defendant, was by verdict of a jury found guilty of manufacturing whisky.  The jury failed to agree upon the punishment, which by the judgment of the court was fixed at a fine of $150 and confinement in jail for a period of 60 days.

The petition in error contains 30 assignments of error. Of these but 3 need be noticed.

It is claimed that the information is vague, uncertain, and duplicitous, in that it charges that the defendant manu-

factured "certain spirituous, vinous, fermented, malt, and intoxicating liquor, to wit, one quart of whisky." This was a slovenly method of pleading, but, when the pleader stated specifically that the particular liquor manufactured was whisky, the defendant was sufficiently apprised of the nature of the accusation. Star v. State, 9 Okla. Cr. 210, 131 P. 542; Price v. State, 9 Okla. Cr. 359, 131 P. 1102.

It is next contended that the evidence introduced on behalf of the state was procured by means of an illegal search and seizure, and was therefore inadmissible, and that the court erred in permitting the evidence so procured to go to the jury.

There is evidence tending to show that, as the officers approached the place where they found the still and whisky being made, the defendant invited them in, and that by words and conduct he waived his right to immunity from an unauthorized search and seizure, and waived his right to the exclusion of the evidence procured incident thereto.

If he did indeed so waive his rights, the evidence was admissible. Upon that point the testimony was conflicting, and the defendant upon request would have been entitled to an instruction advising the jury that, if they found from the evidence that the defendant had not waived his constitutional right to immunity from an unauthorized search and seizure, the evidence so procured should not be considered by them. The defendant, however, made no request for such an instruction, and upon the prima facie showing made the evidence was admissible, and the weight of the evidence was for the jury.

The defendant complains that instruction No. 6 was erroneous and misleading. This instruction was as follows:

"You are further instructed that, if you believe from the evidence, beyond a reasonable doubt, that the defendant in this case did, on the 11th day of August, 1923, manu-

facture one quart of whisky, or any amount, or was then and there in the possession of one whisky still, said whisky still and apparatus being then and there capable of manufacturing liquor on the date set out in the information, or within 3 years prior to the filing of the information herein, then you should find the defendant guilty of the crime of manufacturing liquor, and so say by your verdict.

"On the other hand, if after a consideration of all the evidence in this case you entertain a reasonable doubt as to whether the defendant, in this county and state, on or about the date mentioned, and within 3 years prior thereto, did manufacture any quantity whatever of whisky, as charged in the information, you should resolve that doubt in favor of the defendant and acquit him."

The first paragraph of this instruction was erroneous. The clause "or was then and there in the possession of one whisky still, said whisky still and apparatus being then and there capable of manufacturing liquor," should have been omitted. However, the defendant was charged with making whisky, not with being in possession of a still, and the information, the second paragraph of the above instruction, and the other instructions of the court sufficiently advised the jury that he was charged with manufacturing whisky, and must be found guilty, if at all, of manufacturing whisky, so that the jury were probably not misled by this erroneous instruction.

The judgment of the trial court is affirmed.

DOYLE and EDWARDS, JJ., concur.