## AMOS HAYES v. STATE.

No. A-5713.   Opinion Filed June 5, 1926.
Rehearing Denied June 30, 1926.
(247 Pac. 111.)

Arthur Fitzpatrick, for plaintiff in error.

The Attorney General and Smith C. Matson, Asst. Atty. Gen., for the State.

BESSEY, P. J. The plaintiff in error, Amos Hayes, defendant in the trial court, was convicted of murder, with the penalty fixed at imprisonment for life.

This conviction rests largely upon the identification of the defendant by Wilbur Ward, a boy 16 years of age, who was one of a party of five in an automobile, traveling west from Bartlesville at night. As they approached an intersecting road leading to the home of one of the party, they found this road blocked by a Ford coupe. They stopped their car within a few feet of the coupe, and a man standing there said, "Do you want through, boys?" Some one replied, "Yes," whereupon the man at the coupe said, "Well, we broke down." Wilbur Ward and Presley Parks got out of the car in which they were riding and said, "Maybe we can help you." As Ward and Parks passed around the rear of the coupe, they saw two other men sitting on the running board, with pistols in their hands. Both men jumped up and with drawn pistols commanded Ward and Presley Parks "to "get them up." The two were marched around to the other car, where a like command was made to the three men remaining there. Charles Parks, an elderly man who was in the rear seat, did not heed the command, but started to get out of the car backwards when, according to Ward's testimony, he was shot by the defendant and instantly killed. At this point Presley Parks started to back away and one of the bandits shot and killed him. Mr. Pappin, the driver of the car, got down as far as he could in the front part of the car, opened a door, and crawled out and under the car. Owing to the fact that there was a dash light in the car and that the night was dark,

Pappin had no opportunity to observe the physical features of any of the bandits. The other survivor sank down in the front seat of the car and for the same reasons had no opportunity to make observations such as would enable him to identify any of the bandits. The identification of this defendant rests, therefore, almost entirely upon the testimony of Ward, who was positive in his identification.

The defendant's defense was an alibi. The weight of the evidence and the credibility of the witness was for the jury, and under circumstances such as these their findings of fact will not be disturbed on appeal.

The defendant sought to impeach the verdict by the affidavit and oral testimony of a juror to the effect that another juror knew two of the witnesses who testified in support of defendant's alibi, and that this juror stated, during the deliberations of the jury, that these witnesses were not entitled to credence. If any such statement was made or considered, the verdict could not be impeached in this manner. Keith v. State, 7 Okla. Cr. 156, 123 P. 172; Craddock v. State, 13 Okla. Cr. 724, 167 P. 331; Brantley v. State, 15 Okla. Cr. 6, 175 P. 51.

In the Keith Case a quotation is found from an opinion written by Chief Justice Mansfield:

"As was well said by Chief Justice Mansfield, if a verdict can be impeached by the affidavit or testimony of a juror, then in any criminal case tried, * * * no matter how conclusive the testimony and how regular the trial may have been in other respects, it will be in the power of one juror to secure a reversal of a conviction, and at the same time do it in such a manner as to conceal the purpose for which it was done, and thereby exempt himself from punishment. * * * If this can be done, it places in the hands of a defendant the power to set aside any verdict that might be rendered against him,

provided only he can find a juror who will be willing to carry out the program."

The defendant admitted that he had previously been convicted of attempted mail robbery. The jury were better able than we to determine which of the witnesses were worthy of belief.

The judgment of the trial court is affirmed.

DOYLE and EDWARDS, JJ., concur.