## R. H. LAWSON v. STATE.

No. A-7988. Opinion Filed May 2, 1931.
Rehearing Denied May 16, 1931.
(298 Pac. 896.)

Lon Morris and Toby Morris, for plaintiff in error.

J. Berry King, Atty. Gen., and C. S. McCuistion, Co. Atty., for the State.

CHAPPELL, J. Plaintiff in error, hereinafter called defendant, was convicted in the district court of Cotton

county of the crime of driving an automobile while intoxicated, and his punishment fixed by the jury at imprisonment in the state penitentiary for six months.

The evidence of the state was that on the 7th day of October, 1929, there was a large crowd of people on the streets of Walters; that defendant was driving a car down the streets of the city, honking the horn, halloaing and saying, "Get out of the way"; that it looked like defendant's car was going to hit every car he met; that the car was just going wigwag, wigwagging and passing first on one side and then on the other; that defendant was pretty drunk and staggered quite a bit as he walked after he was arrested; that his tongue was thick, and that he was boisterous at times; that defendant said he had drunk three or four drinks, but he was not drunk; that defendant said he did not know who the car belonged to; that defendant was driving the car in Cotton county, while in an intoxicated condition.

Defendant, testifying for himself, denied that he was driving the car, but that John Scott was doing the driving, and that John was pretty drunk; that he (the defendant) was not drunk.

This conflicting evidence was for the jury. They saw the witnesses and heard them testify and were charged with the duty of passing upon the credibility of the witnesses and weighing their testimony. The evidence of the state was sufficient to support the verdict of the jury.

Defendant next contends that the county attorney was guilty of misconduct in his remarks to the jury.

The county attorney prosecuting was not the officer who filed the complaint and began the prosecution. In his remarks to the jury he said that, if the county attorney

had not believed the defendant guilty, he would not have filed the case, and immediately thereafter stated to the court that it was improper for him to make such a remark, and asked the court to instruct the jury not to consider it, which the court did.

The remarks made were improper, but, in the light of the convincing evidence of the guilt of defendant offered by the state, his rights were not prejudiced by such remarks.

Defendant next contends that the court erred in refusing to permit him to impeach the verdict of the jury by calling three of the jurors to testify as to what occurred in the jury room.

Unless required by statute, a verdict cannot be impeached by the affidavit or testimony of jurors showing misconduct upon their part in arriving at the verdict. Keith v. State, 7 Okla. Cr. 156, 123 Pac. 172; Star v. State, 9 Okla. Cr. 210, 131 Pac. 542; Wilson v. State, 36 Okla. Cr. 148, 252 Pac. 1106; Revis v. State, 42 Okla. Cr. 198, 275 Pac. 351.

The record in this case discloses that the defendant had a fair trial. The evidence supports the verdict of the jury, and the errors of law complained of are not sufficient to require a reversal of the case.

For the reasons stated, the cause is affirmed.

DAVENPORT, P. J., and EDWARDS, J., concur.