## CURTIS NEIGHBORS v. STATE.

No. A-8643.   June 19, 1934.
Rehearing Denied July 12, 1934.
(34 Pac. [2d] 290.)

W. N. Redwine, M. O. Counts, George L. Hill, and E. P. Hill, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson and J. H. Lawson, Asst. Attys. Gen., for the State.

CHAPPELL, J.   Plaintiff in error, hereinafter called defendant, was convicted in the district court of Pittsburg county of manslaughter in the first degree in the killing of his wife, Lucile Neighbors, and his punishment fixed by the jury at imprisonment in the state penitentiary for a period of 21 years.

Plaintiff in error in his brief says:

"Many grounds are set out in the petition in error herein for a reversal of the verdict in the trial court, but we desire to urge particularly upon this court that, if for

no other reason, the defendant is entitled to a reversal of said conviction on account of the misconduct of the jury in the manner in which they arrived at the verdict returned in the trial court."

After the verdict was returned and received in open court, and the jury had been polled and discharged, defendant filed his motion for a new trial upon the ground of misconduct of the jury in fixing the punishment and attached to the motion the following affidavit:

"George Beams, who after being duly sworn deposes and says: That he sat as a juror in the trial of the aforesaid action on the 29th day of March, 1933. Said trial ending on the 31st day of March, 1933, and the jury rendered a verdict thereon, on that date.

"Affiant states: After the jurors went to the jury room and was organized, and when the first ballot was taken, some voted guilty, and some, not guilty. Thereafter, all the jurymen agreed on a verdict of guilty of manslaughter in the first degree, however the number of years of punishment to be given defendant varied among the various jurymen, and said jury in order to reach a verdict agreed that they would add the number of years that each juryman thought defendant ought to receive on said judgment and add the same together and divide by 12 which was done and this was the basis of their verdict, and the way said verdict was reached.

"[Signed] Geo. W. Beams."

This objection raises the question of the right of a juror to impeach his verdict by affidavit on account of misconduct.

In the case of Spencer v. State, 5 Okla. Cr. 11, 113 Pac. 224, 226, this court said:

"Jurors cannot be heard to impeach their verdict unless expressly authorized to do so by statute, and then only in the manner provided by statute. When jurors are

impaneled, they are sworn to decide the case submitted to them according to the law and the evidence. For a juror to make an affidavit that he has violated his oath and rendered a verdict upon any other ground than the sworn evidence in a case places him in contempt of court."

To the same effect are Vanderburg v. State, 6 Okla. Cr. 485, 120 Pac. 301; Keith v. State, 7 Okla. Cr. 156, 123 Pac. 172; Newcomb v. State, 23 Okla. Cr. 172, 213 Pac. 900; Hayes v. State, 35 Okla. Cr. 19, 247 Pac. 111; Revis v. State, 42 Okla. Cr. 198, 275 Pac. 351.

In Frye v. State, 25 Okla. Cr. 273, 219 Pac. 722, 723, this court said:

"A verdict in a criminal case, assessing the punishment at a certain number of years' imprisonment, will not be set aside upon proof that each member of the jury wrote down the number of years which he thought proper, and that the several numbers thus written down were added up and the sum divided by 12, where there is no proof that the jurors agreed beforehand to be bound by the result thus obtained."

It will be noted that the affidavit of the juror Beams says nothing about the jurors having agreed to be bound by the result of striking an average by the method alleged in the affidavit, and neither does it say that the verdict reached was the number of years that was shown in striking an average.

Section 3103, Oklahoma Statutes 1931, provides for the reception of the verdict of the jury by the court. It is evident from the record that, regardless of how the jury arrived at its verdict, it was indeed the verdict of the jury, and under the authorities above cited the verdict could not be later impeached by the affidavit of a juror.

Defendant relies upon a large number of authorities from other states upon holdings of the Supreme Court of

this state that verdicts might be thus impeached, but, whatever may have been those holdings, this court has consistently held from the beginning that in criminal cases a juror would not be permitted to impeach the verdict by affidavit of misconduct after the verdict has been rendered.

No fundamental error appearing, the cause is affirmed.

EDWARDS, P. J., concurs.  DAVENPORT, J., not participating.