**Dewitt TINDELL, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F–83–469.**

Court of Criminal Appeals of Oklahoma.

July 16, 1985.

Rehearing Denied Sept. 19, 1985.

---

**3.** See *Armco, Inc. v. Holcomb et al.,* 694 P.2d 937, 942 (1985) (Opala, J., dissenting).

E. Alvin Schay, Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

PARKS, Presiding Judge:

The appellant, Dewitt Tindell, was convicted of Lewd Molestation in the District Court of Pushmataha County, Case No. CRF–82–27. Appellant was sentenced to eight (8) years imprisonment. We affirm.

On the night of February 27, 1982, eight year old D.V. was awakened when the appellant, her maternal grandfather, entered her bedroom and sat down on the bed. Appellant pulled down D.V.'S pajama pants and began fondling her genitals. Appellant warned the child not to tell anyone, and returned to his bedroom. The next day D.V. told her paternal grandmother, who contacted the District Attorney's Office.

In his first assignment of error, appellant contends he was denied a fair and impartial trial when the prosecutor made improper comments during closing arguments. We note, however, that none of the comments were met with an objection at trial, and, accordingly, are not properly preserved for appeal. *Freeman v. State*, 681 P.2d 84 (Okl.Cr.1984). Furthermore, the comments are not so improper as to warrant modification of appellant's sentence. *Id.*

Appellant's second assignment of error involves a claim that his sentence was improperly determined by the jury through use of a quotient verdict. The facts show that punishment was initially determined when each member of the jury wrote down a number of years, the numbers were added and the sum was divided by twelve. Although the evidence is conflicting, the trial court found the jurors did not agree to be bound by the quotient as their assessment of punishment. In *Neighbors v. State*, 56 Okl.Cr. 108, 34 P.2d 290 (1934), we disapproved the use of quotient verdicts, but added a conviction would not be set aside on this basis "where there is no proof that the jurors agreed to be bound beforehand by the result thus obtained." *Id.* at 110, 34 P.2d at 291. The trial court found the jurors did not agree to be so bound, and this assignment of error is therefore without merit.

Accordingly, the judgment and sentence of the District Court should be, and hereby is, AFFIRMED.

BRETT, J., concurs in results.

BUSSEY, J., concurs.