## ABBOTT v. TERRITORY.

No. 1785, Okla. T.   Opinion filed January 22, 1908.

(94 Pac. 179.)

CRIMINAL LAW—Instructions—Reasonable Doubt. An instruction which states "by the term 'reasonable doubt' is meant a doubt that has a reason for it; it is a doubt you can give a reason for"—was erroneous, and is cause for reversal of the judgment.

*Error from District Court, Kiowa County; before F. E. Gillette, Judge.*

T A. Abbott was convicted of shooting with intent to kill, and brings error. Reversed and remanded.

Plaintiff in error was indicted, tried, and convicted of the crime of shooting with intent to kill, and sentenced to serve a

term of 18 months in the territorial prison. From this judgment he appeals.

At the conclusion of the evidence the court gave the following instruction on reasonable doubt:

"By the term 'reasonable doubt,' as used generally in these instructions, is meant a doubt that has a reason for it; it is a doubt you can give a reason for. It is that state of the case which, after a full consideration of all the evidence, leaves your minds in that condition that you cannot say that you feel an abiding conviction of the guilt of the defendant. You should not go beyond the evidence to hunt for doubt, or entertain doubt from mere caprice or conjecture. Such doubt should arise only from an impartial and candid consideration of all the testimony and all the facts and circumstances presented upon the trial. If doubt does so arise, and by reason of it you cannot say that you are satisfied to a moral certainty of the guilt of the defendant, you should return your verdict herein of not guilty."

To this instruction the defendant at the time duly excepted, and now assigns error thereon.

*Doyle & Cress* and *Keys, Rummons & Cline,* for plaintiff in error.

*Chas. West, Atty. Gen.,* and *G. A. Henshaw, Asst. Atty Gen.,* for the Territory.

WILLIAMS, C. J. (after stating the facts as above). Elementary writers, in discussing the measure of proof necessary to require a conviction in a criminal case, have often stated that, "in cases of doubt, it is safer to acquit than to convict or condemn." Best on Evidence, §§ 49, 95, and 440. "In some cases presumptive evidences go far to prove guilty though there may be no express proof of the fact to be committed by him, but then it must be very warily pressed, for it is better five guilty persons escape unpunished than one innocent person should die." Hale's Pleas of the Crown, vol. 2, p. 289. Mr. Best in his excellent work on Evidence (section 95), in speaking of these statements which have become under the common law crystallized

into maxims, says, they "are often perverted to justify acquittal." He further states that such other maxims as, "It is to the interest of the commonwealth that malefactors do not go unpunished," and "he threatens the innocent who spare the guilty," are not to be lost sight of. The foregoing maxims declare safe and humane rules for the guidance of both courts and juries. For him, however, who executes the laws, the moving course should be: Neither shall an innocent person be punished nor shall a guilty one go free.

Whilst this should be the purpose of the administrator of the law, yet quite a different rule is laid down for triors of facts, the jury. "The presumption of innocence is not a mere phrase without meaning, it is in the nature of evidence for the defendant; it is as irresistible as the heavens until overcome; it hovers over the prisoner as a guardian angel throughout the trial; it goes with every part and parcel of the evidence." Neither the law nor the exigencies of human government require the punishment of the doubtfully guilty. Doubts are to be resolved in favor of the prisoner. There should be no conviction until guilt is proved by competent evidence to the exclusion of all reasonable doubt. This is the mandate of the law, and the birthright of every English and American citizen. But in criminal trials it is not every species of doubt that would justify an acquittal. Such a doubt as to be a basis for an acquittal must be actual and substantial, not mere speculation or possibility. It must be a reasonable doubt; "that state of the case which, after the entire comparison and consideration of all the evidence, leaves the mind of the jury in that condition that they cannot say they have an abiding conviction, to a moral certainty, of the charge." There are degrees of doubt; moral certainty, excluding all reasonable doubt, is the required measure of proof in criminal cases.

It is contended by the plaintiff in error that this instruction, in effect, directs the jury to find the defendant guilty of the crime charged, unless they entertain a reasonable doubt arising out of

the evidence; for which the jury are able to give some reason. We are of the opinion, after careful consideration, that this contention is well taken. After considerable research among the authorities, it seems that this instruction, or one given in substantially the same language, has been uniformly disapproved by the courts. The vice of this instruction is in the use of the language "by the term 'reasonable doubt' * * * is meant a doubt that has a reason for it; it is a doubt you can give a reason for."

In *Cowan v. State*, 22 Neb. 519, 35 N. W. 405 the Supreme Court of Nebraska, speaking by Chief Justice Maxwell, in passing upon this question, has held that an instruction which contained the following words: "It is a doubt for having which the jury can give a reason based upon the testimony," was calculated to mislead, and no doubt did mislead, the jury. And in *Childs v. State*, 34 Neb. 236, 51 N. W. 837, the same court decided that in a prosecution for grand larceny, where the court instructed the jury: "On the question of reasonable doubt the court instructs the jury that the term 'reasonable doubt,' as used in these instructions, means a doubt which has some good reason for it arising out of the evidence in the case; such a doubt as you are able to find a reason in the evidence for," etc.—such instruction was erroneous, and cause for reversal of the judgment. This instruction is practically in the identical language of the instruction we now have under consideration. It appears that the instruction that was given by the court was taken substantially from Sackett in his Instructions to Juries (2d Ed.) p. 646, and, from an examination of the authorities cited by the author, we are clearly of the opinion that they do not support the text.

In Greenleaf on Evidence (8th Ed.) vol. 3, § 29, the learned author says:

"A distinction is to be noted between civil and criminal cases in respect to the degree or quantity of evidence necessary to justify the jury in finding their verdict for the government. In civil cases their duty is to weigh the evidence carefully, and find for the party in whose favor the evidence preponderates, al-

though it be not free from reasonable doubt. But in criminal trials the party accused is entitled to the benefit of the legal presumption in favor of innocence, which in doubtful cases is always sufficient to turn the scale in his favor. It is, therefore, a rule of criminal law, that the guilt of the accused must be fully proved. Neither a mere preponderance of evidence, nor any weight of preponderant evidence, is sufficient for the purpose, unless it generate full belief of the fact, to the exclusion of all reasonable doubt.."

The other authority cited by Sackett is the case of *Commonwealth v. Webster,* 5 Cush. (Mass.) 295, 52 Am. Dec. 711, which is the celebrated Webster case in which Chief Justice Shaw, in defining the degree of proof, uses the following language:

"Then, what is reasonable doubt? It is a term often used, probably pretty well understood, but not easily defined. It is not mere possible doubt. It is that state of the case which, after the entire comparison and consideration of all the evidence, leaves the minds of jurors in that condition that they cannot say they feel an abiding conviction, to a moral certainty, of the truth of the charge. The burden of proof is upon the prosecutor. All the presumptions of law independent of evidence are in favor of innocence, and every person is presumed to be innocent until he is proved guilty. If upon such proof there is reasonable doubt remaining, the accused is entitled to the benefit of it by an acquittal. For it is not sufficient to establish a probability, though a strong one arising from the doctrine of chances, that the fact charged is more likely to be true than the contrary; but the evidence must establish the truth of the fact to a reasonable and moral certainty —a certainty that convinces and directs the understanding, and satisfies the reason and judgment, of those who are bound to act conscientiously upon it. This we take to be proof beyond reasonable doubt; because if the law, which mostly depends upon considerations of a moral nature, should go further than this and require absolute certainty, it would exclude circumstantial evidence altogether."

This instruction by Chief Justice Shaw has been approved by the Supreme Court of Oklahoma Territory in the case of *Patzwald v. United States,* 7 Okla. 232, 54 Pac. 458, and by all the leading courts of the country.

This same question has been before the Supreme Court of Iowa. An instruction in almost the identical language was disapproved in the case of *State v. Cohen*, 108 Iowa, 208, 78 N. W. 857, 75 Am. St. Rep. 213, where it was held that: "An instruction defining a reasonable doubt as one that the jury are able to give a reason for is erroneous, as, in effect, placing the burden on defendant to furnish reasons for acquittal." And where it was also further held that: "An instruction defining a reasonable doubt as one that the jury are able to give a reason for is erroneous, as requiring jurors to give reasons for their conclusions." And in this case the court, speaking by Mr. Justice Ladd, uses the following language:

Nor can we approve the fifth instruction as a safe definition of 'reasonable doubt.' 'By a "reasonable doubt" as herein instructed is meant a doubt such as a reasonable man might entertain, after a careful review of all the evidence in the case, as to the guilt of the defendant. In a legal sense, a reasonable doubt is one which has some reason for its basis. It does not mean a doubt from mere caprice or groundless conjecture. A reasonable doubt is such a doubt as the jury are able to give a reason for.' The last clause is the one to which exception is taken. Who shall determine whether able to give a reason, and what kind of a reason will suffice? To whom shall it be given? One juror may declare he does not believe the defendant guilty. Under this instruction another may demand his reason for so thinking. Indeed, each juror may in turn be held by his fellows to give his reasons for acquitting, though the better rule would seem to require these for convicting. The burden of finding reasons for not finding guilt established is thus cast on the defendant, whereas it is on the state to make out a case excluding all reasonable doubt. Besides, jurors are not bound to give reasons to others for the conclusion reached."

In *Siberry v. State*, 133 Ind. 677, 33 N. E. 681, the Supreme Court of Indiana held that: "It is erroneous to instruct the jury that a 'reasonable doubt is such a doubt as the jury are able to give a reason for.'" In *State v. Sauer*, 38 Minn. 439, 38 N. W. 355, Mr. Justice Mitchell, who delivered the opinion of the court,

*Ex parte* Cain.

says: "The most serious objection to it is that is it liable to be understood as meaning a doubt for which a person could express a reason in words. A person may, after a consideration and comparison of all the evidence, feel a reasonable doubt as to the guilt of a defendant, and yet find it difficult to state the reason for the doubt." In *Owens v. United States,* 130 Fed. 279, 64 C. C. A. 525, an instruction in the following language: "A reasonable ground of doubt is one which is reasonable from the evidence. It must be a ground of doubt for which a reason can be given, which reason must be based upon the evidence or want of evidence"— was disapproved.

We are of the opinion that the instruction given in this case was erroneous, and it therefore requires a reversal of this case.

Other errors arising during the course of the trial are assigned and argued, but as the cause must be reversed and remanded with directions to grant a new trial, it is unnecessary to review them.

The judgment of the court below is reversed, and the cause remanded, with directions to grant a new trial.

All the Justices concur.