## Al Douglas v. Territory.

No. 2155, Okla. T. Opinion Filed January 13, 1909.

(98 Pac. 1023.)

1. INSTRUCTIONS—Oral Statements by Court. Oral statements, made by the court to the jury with reference to the form of their verdict, which do not contain directions or "instructions" upon some question of law involved in the trial, or comment on the evidence do not come within the statute requiring instructions to the jury to be reduced to writing unless waived by the defendant.

2. INSTRUCTIONS—Reasonable Doubt. The phrase "beyond a reasonable doubt," used in the statute in establishing the measure of proof necessary to warrant a conviction in a criminal case, is not a technical term, and needs no explanation from the courts in instructing juries. An instruction on this subject, in the language of the statute is all that the court is required to give. It is a dangerous thing for the courts to attempt to go further.

3. APPEAL—Review—Assignments of Error—Homicide—Instructions. (a) When counsel fail in their briefs to point wherein the defendant has

been injured by an instruction given, this court will not consider an assignment of error based upon such ground,. unless the error is fundamental.

(b) It is the duty of the trial court to give instructions applicable to the testimony of a defendant, and based upon the hypothesis that it is true; and, when such an instruction is given, the defendant cannot be heard to complain.

(c) In this case the defendant was a peace officer. His testimony was to the effect that a difficulty was in progress when he commanded the deceased to drop his pistol, whereupon the deceased turned upon defendant, presented his pistol towards the defendant, and threatened to kill him, when the defendant fired the fatal shot. See opinion, for instructions properly given applicable to this testimony.

(Syllabus by the Court.)

*Appeal from District Court, Comanche County; F. E. Gillette, Judge.*

Al Douglas was convicted of manslaughter, and appeals. Affirmed.

On the 9th day of March, 1906, Al Douglas, hereinafter called defendant, was indicted by the grand jury of Comanche county for the offense of murder, alleged to have been committed on the 4th · day of November, 1905. Defendant was arraigned, and pleaded not guilty. On the 19th day of October, 1906, the defendant was found guilty by the jury of manslaughter in the second degree. . The defendant filed a motion for a new trial, which was overruled by the court, to which defendant excepted. The defendant was sentenced by the court to 27 months' imprisonment in the territorial prison at Lansing, Kan. The defendant brought the case by appeal to the Supreme Court of Oklahoma Territory. Upon the admission of Oklahoma to statehood, under the provisions of the enabling act and the Constitution, the case was transferred to the Supreme Court of Oklahoma. As directed by statute, the Supreme Court transferred the case to this court, upon its creation.

*Al Jennings, Mc. Elhoes & Ferris,* and *Hudson & Key,* for plaintiff in error.—

On question of supplementing written charge to jury with oral statements: Thompson on Trials, § 2375; *People v. Payne,* 8 Cal. 341; *Ray v. Wooters,* 19 Ill. 82; *Townsend v. Chapin*

(Ind.) 8 Black 328; *United States v. Ter. of Utah,* 104 U. S. 631; *Stone v. Cooper,* 45 Mo. 64; *Gile v. People,* 1 Colo. 60.

*W. O. Cromwell,* Atty. Gen., and *Thomas Clift,* Special Asst., for the Territory.—

On right of court to add oral statements to written charge: 11 Encyc. Pl. & Pr. 259; *Boggs v. United States,* 10 Okla. 424; *Potter v. State,* 15 Kan. 303; *Currin v. Clark,* 90 N. C. 355; *Bradley v. Waddell,* 96 Ind. 175; *Illinois Central Ry. Co. v. Wheeler,* 149 Ill. 525; *People v. Bonney,* 19 Cal. 427.

FURMAN, Presiding Judge. (after stating the facts as above). First. Defendant complains that the trial court gave oral instructions to the jury without the consent of the defendant or his counsel. The record shows that, after the conclusion of the argument in the case, the court handed to the jury the forms of verdict applicable to the issue in the case, and said to them:

"Gentlemen of the jury, the court hands you five forms of verdict, any one of which will be sufficient for your verdict in this case; but, if you find the defendant guilty of murder, you will write in your verdict whether the punishment shall be bv death or by life imprisonment at hard labor in the territorial penitentiary, as explained to you by the instructions."

We cannot agree with the contention of counsel that this language constituted any part of the instructions to the jury as to the principles of law applicable to the case. It did not attempt to modify, explain, add to, or take from the written instructions given to the jury. The following authorities, if any are needed, sustain this view of the question:

"Charging a jury is stating the precise principles of law applicable to the case immediately in question." (Bouvier's Law Dictionary.)

"In conclusion it may be stated that nothing short of a positive direction as to the law applicable to the case will be construed an instruction within the meaning of the statute." (11 Ency. Pl. & Prac. p. 259.)

"An exposition of the principles of law applicable to a case or some branch or phase of a case which the jury are bound to apply in order to render a verdict establishing the rights of the

parties in accordance with the facts proven," is the definition given by the Supreme Court of Indiana of what it takes to constitute an instruction. *Lehman v. Hawks et al.,* 121 Ind. 541, 23 N. E. 670.

"A direction to the jury to reject evidence as to the form of the verdict, or the like, is not an instruction within the meaning of the statute." (*Bradway v. Waddell,* 95 Ind. 175.)

"The mere fact that an oral communication has passed from the court to the jury is not of itself proof that the statute has been disregarded. But the court may properly make oral statements to the jury in reference to the form of the verdict, the manner in which the trial has been conducted, the behavior of the jury, or counsel, or parties, or any other oral statement which is not fairly and strictly a direction or instruction upon some question or rule of law involved in or applicable to the trial, or a comment upon the evidence." (*State v. Potter,* 15 Kan. 303.)

The Supreme Court of Oklahoma has passed upon the proposition here presented in the case of *Boggs v. United States,* 10 Okla. 424, 63 Pac. 969, 65 Pac. 927, wherein the jury were unable to agree upon a verdict, and upon order of the court were returned to the court room and a certain conversation had between the court and the jurors, portions of which the plaintiff in error, Boggs, claimed were oral instructions. The court said:

"It will be seen that in the remarks of the trial judge to the jury no independent proposition of law was given, no comment on the evidence was made, the whole tenor of the conversation was as to the form of the verdict the jury could return. The remarks of the court were all directed to the answer to the inquiry as to whether they could return a verdict different from the forms furnished, and was an explanation as to the form of verdict they might or ought to return. And as to all questions of law, he refers the jury to the written instructions previously given, with the remark, 'I think they are plain.' It is our duty to presume that the jury were men of reason and of ordinary intelligence, and that they were capable of understanding ordinary, plain English language; and, this being so, when the court said to them, 'If you read the instructions, I think they are plain,' it will not be presumed that they understood that the remarks

were to be taken as a new or different statement of the law than that contained in the written charge, but they would certainly understand that he was referring them, for the law of the case, to the written instructions. We take the rule to be well settled that an oral direction to the jury as to the form or character of the verdict they may return is not such an instruction as is contemplated by the statute requiring all instructions to be in writing. * * *"

There was, therefore, no error in the action and ruling of the trial court in this matter.

Second. The court instructed the jury in the language of the statute upon the subject of reasonable doubt. The court went further, and attempted to explain the meaning of the words "reasonable doubt." To this there is no exception in the record. We will therefore not consider the explanatory instruction given. But counsel excepted upon the ground that it should have explained more fully what it took to constitute a ·reasonable doubt. In the case of *Wm. P. Price v. State,* (decided at the October term of this court) *ante,* p.—, 98 Pac. 447, it was held that it was a dangerous practice for courts to attempt to explain the meaning of the term "reasonable doubt," and that case was reversed partly on account of errors committed in such an attempt. All that a defendant has a right to demand upon this subject is an instruction in the language of the statute. The phrase "reasonable doubt" is not a technical term. It is generally understood in the common affairs of life, and needs no explanation from the court in instructing the jury. The court, having given the instruction directed by the statute, did not err in refusing to give the instruction requested by the defendant. For a full presentation of our views upon this subject, see *Price v. State, supra.*

Third. The defendant complains at the action of the trial court in refusing to give the following special instruction requested by defendant:

"Gentlemen of the jury, the court further instructs you: 'That the defendant has proven that he was a deputy city marshal of the town of Frederick, Okla., at the time he killed deceased,

Stoneback. A deputy city marshal may, without warrant arrest one who commits a breach of the peace in his presence, or who by boisterous conduct, accompanied by violent words or actions, indicates a purpose to commit such breach, and such officer, acting under circumstances authorizing an arrest, may use all the force necessary in overcoming resistance and defending himself against violence from the person sought to be arrested; and, if in doing so he takes life, it is justifiable, being in pursuance of public justice.' The above instruction was asked by the defendant and refused by the court, because sufficiently covered in general instructions, Defendant excepts; exception allowed by the court. F. E. Gillette, Judge."

Counsel for the defendant in their brief, did not attempt to point out wherein the defendant was injured by the refusal of the court to give this instruction. This is a matter that must be made to appear to this court in counsel's brief, and upon their failure to do this, this court will not assume that the refusal to give the special instruction was prejudicial, unless the error committed is fundamental.

In the case of *Carter & Bro. v. Missouri Mineral Mining & Lumber Co.,* 6 Okla. 11, 41 Pac. 356, Judge Dale said:

"Counsel in their briefs fail to point out wherein the court below erred in the action taken. Therefore appellant's contention cannot be favorably considered on the record before us."

This announces a sound rule of law. We have repeatedly called attention to the necessity of a full presentation in the briefs of counsel of the grounds upon which they rely for a reversal. It is one thing to allege that an instruction is erroneous, and entirely another thing to point out the specific ground of the objection relied on. It is too much to expect that this court shall brief, as well as decide, cases. But, as our opinions have not yet been printed and generally circulated among the members of the bar, we will waive this matter, and go into the question fully.

The trial court instructed the jury as follows:

"You are instructed, gentlemen of the jury, that if you find from the evidence that at the time and place stated in the indictment the defendant was a peace officer in the city of Frederick

in said county and territory, and was at the time deputized to act as such in said city, you are advised and instructed that as such officer he had a right to command the peace and to arrest without warrant any person in the act of committing a breach of the peace in his presence; and, if you further find from the evidence that the deceased was in the act of committing a breach of the peace, and the defendant was in the act of arresting him or commanding the peace, and as such officer used any language indicative of such purpose, and that the deceased thereupon made a violent demonstration towards the defendant of such character as to raise in the mind of a reasonably prudent man and officer that his own life was then in jeopardy by reason of the acts of the deceased, then such person or officer would thereupon be justified in using all the force necessary to overcome such threatened danger, even to the extent of taking life if such were to him apparently necessary, and it would be justifiable."

It will be seen that the instruction given substantially differs from that requested only in that it uses the language "and as such officer used any language indicative of such purpose, and that the deceased thereupon made a violent demonstration towards the defendant," etc. While there is no evidence in the record of malice on the part of the defendant toward the deceased, yet the testimony of the prosecution fairly presented the issue of an unnecessary and reckless killing. The testimony on the part of the defendant presented the issue of justifiable homicide, as stated in the instruction given. The defendant himself testified that before the shooting he repeatedly called on the deceased to drop his pistol. His exact language is, "I had been hollering to him to drop it. I told him two or three times to drop that gun, and he wheeled arund and had it up this way [indicating], and says, 'Damn you, I will shoot you!' and I shot him." The instruction was in strict compliance with the testimony of the defendant. The effect of his testimony was that he used language indicative of a purpose to command the peace, and that on account of this language the deceased turned upon him in a threatening manner, and that he then fired the fatal shot. This was a part of his case, and he cannot be heard to complain at the instruction which was given, as it was applicable to his own testimony. The jury were

correctly instructed as to both issues in the case. They heard the evidence and saw the witnesses. They were in a much better condition to determine the truth of this matter than is this court. They rejected the testimony of the defendant and accepted that of the territory. This they had the right to do.

As there is ample evidence in the record to sustain the verdict of the jury, and as it appears that the defendant has been fairly tried, and found guilty, we are without the rightful power to disturb the verdict, and the judgment is therefore affirmed.

BAKER and DOYLE, JUDGES, concur.