### RAY REEVES v. TERRITORY.

No. 77.    Opinion Filed February 23, 1909.

(99 Pac. 1021.)

**INSTRUCTIONS—Reasonable Doubt.** It is error for the court to instruct the jury: "A doubt to justify an acquittal must be a reasonable one—a doubt for which you can give a reason—and it must arise from a careful and candid investigation and consideration of all the evidence in the case, or for want of evidence; unless the doubt does so arise, it will not be sufficient in law to authorize a verdict of not guilty."

(Syllabus by the Court.)

*Appeal from Greer County.*

Ray Reeves was convicted of the rape of a female under the age of 16 years, and appealed to the Supreme Court, whence the cause was transferred to the Criminal Court of Appeals. Reversed and a new trial granted.

On the 21st day of August, 1907, Ray Reeves (hereinafter called defendant) was indicted by the grand jury of Greer county, charged with the offense of rape upon a female under the age of 16 years, on the 12th of October, 1906. January 20, 1908, defendant was placed on trial, and was found guilty. A motion for a new trial was filed and overruled. The court sentenced the defendant to five years' imprisonment. Defendant brought the case by appeal to the Supreme Court of the state. Upon the creation of the Criminal Court of Appeals the case was transferred to this court, as the statute directs.

*B. F. Van Dyke, S. B. Garrett,* and *J. L. Carpenter,* for appellant.

*W. C. Reeves,* Asst. Atty. Gen., for the State.

FURMAN, PRESIDING JUDGE. (after stating the facts as above). Upon the trial of this cause the court instructed the jury as follows:

"A doubt to justify an acquittal must be a reasonable one—a doubt for which you can give a reason—and it must arise from a careful and candid investigation and consideration of all the evidence in the case, or for want of evidence; and, unless the doubt does so arise, it will not be sufficient in law to authorize a verdict of not guilty."

This instruction has been passed upon by the Supreme Court of the state, in the case of *Abbott v. Territory,* 20 Okla. 119, 1 Okla. Cr. 1, 94 Pac. 179, 16 L. R. A. (N. S.) 260, and also by this court in the case of *Price v. Territory,* 1 Okla. Cr. 358, 98 Pac. 447, and in each of these cases it was held to be error. As this matter was elaborately discussed in the cases above cited, we shall not go over the ground again, further than to say that these cases present our fixed conclusions as to the views therein expressed, and may be considered as decisive of this question.

Another case is pending before us, involving the same questions of law, as are involved in this case, with the exception of the instruction above complained of. As all of these questions of law must be decided in the companion case, it is unnecessary to go over the same questions here.

For error in the instruction given, the judgment of the lower court is reversed, and a new trial is granted.

BAKER and DOYLE, JUDGES, concur.