## BILL BROWDER v. STATE.

No. A-2118.   Opinion Filed November 21, 1914.

(144 Pac. 188.)

1.   **TRIAL—Instructions—''Reasonable Doubt.''**   An instruction defining a reasonable doubt as one that the jury are able to give a reason for is erroneous, as requiring jurors to give reasons for their conclusions.

2.   **INTOXICATING LIQUORS—Unlawful Sale—Sufficiency of Evidence.**   See opinion for evidence considered and held insufficient to support the verdict.

(Syllabus by the Court.)

*Appeal from County Court, Stephens County;*
*J. W. Marshall, Judge.*

Bill Browder, convicted of unlawfully selling liquor, appeals. Reversed.

*J. B. Wilkinson,* for plaintiff in error.

*Chas. West,* Atty. Gen., and *E. G. Spilman,* Asst. Atty. Gen., for the State.

DOYLE, J.   This appeal is from a judgment of conviction on an information charging that Bill Browder did "unlawfully sell to Bill Jones and Sant Elliott one pint of intoxicating liquor, contrary to," etc.   On the 12th day of September, 1913, judgment was entered in accordance with the verdict of the jury.   The court sentenced the defendant to be confined in the county jail for 30 days and to pay a fine of $50.

It is only necessary to pass upon the question of the sufficiency of the evidence.   The following is in substance the testimony introduced at the trial:

Bill Jones testified:   That on or about the 15th day of February, in 1913, he was in Duncan with Sant Elliott, and they went into a house in the south part of town, and Elliott asked for some whisky, and a man there in bed said they had nothing but "White mule," and they paid a dollar for a pint.

That he did not know the man, and did not know who lived there, except what he was told. Over the defendant's objection he was permitted to testify that the officer told him Bill Browder lived there. On cross-examination he was asked:

"Q. This is Bill Browder in front of you; look at him. Would you say at this time that he is the man who was in that bed, and that you bought that 'White mule' from? A. I cannot say whether he is the man or not."

L. A. Boykin testified that he was undersheriff and knew the defendant; that he went with Bill Jones to locate a place where he said he had bought whisky. The place was on the west of Mrs. Duncan's. Jones said he was sure that was the place. Nobody lived there at the time. The defendant, Bill Browder, formerly lived there.

The only other witness who testified was Dr. H. A. Conger, who testified that, as a physician, he attended the defendant, who had pneumonia two weeks in February; during that time he was at the defendant's house daily, and sometimes two or three times a day. The defendant was living in a house on the corner west of Mrs. Duncan's.

In view of all that appears from the record, we are convinced that this defendant should have a new trial. Sant Elliott, named in the information, and who, according to the testimony of the complaining witness, purchased the whisky, was not produced as a witness. Bill Jones testified that he could not identify the defendant as the man who made the sale. Over the defendant's objection he was permitted to testify that the undersheriff told him the defendant lived at that place, and the undersheriff was permitted to testify that Bill Jones told him he was sure that was the place where he bought the whisky. This was mere hearsay testimony, therefore incompetent and inadmissible. It cannot be said that the error in admitting this incompetent testimony did not affect the substantial rights of the defendant. If the complaining witness could not identify the defendant as the person who made the sale, we cannot see how the jury could be satisfied, beyond a reasonable doubt, of the defendant's guilt.

It also appears that the court gave an instruction defining the term "reasonable doubt" as one that the jury are able to give a reason for. Following the case of *Abbott v. Territory,* 1 Okla. Cr. 1, 94 Pac. 179, 16 L. R. A. (N. S.) 260, 129 Am. St. Rep. 818, such a definition has been uniformly condemned as erroneous by this court.

For the foregoing reasons, the judgment of conviction is reversed.

ARMSTRONG, P. J., and FURMAN, J., concur.