## CHARLEY RICHARD v. STATE.
No. A-4072.   Opinion Filed July 7, 1923.
(216 Pac. 484.)

(Syllabus.)

1. **Trial—Defining Reasonable Doubt not Approved.** The practice of trial courts in attempting to define the term "reasonable doubt" is not approved.

2. **Homicide—Province of Jury in Determining Degree of Crime not Disturbed.** Where the state's evidence is sufficient, if believed, to authorize a conviction of the defendant of murder, and the defense interposed was justifiable homicide in self-defense, and the trial court submitted the cause to the jury on the issues of defendant's guilt of either murder or manslaughter in the first degree and on justifiable homicide in self-defense, a conviction for murder will not be disturbed on appeal, as it was the province of the jury to determine the degree of felonious homicide of which the defendant was guilty, if any.

Appeal from District Court, Choctaw County; G. M. Barrett, Judge.

Charley Richard was convicted of murder, and he appeals. Affirmed.

See, also, 18 Okla. Cr. 715, 194 Pac. 1119.

Warren, Warren & Warren, for plaintiff in error.

George F. Short, Atty. Gen., and N. W. Gore, Asst. Atty. Gen., for the State.

MATSON, P. J.   On the 14th day of January, 1921, the county attorney of Choctaw county filed in the district court of said county an information charging, in substance, that one Charles Richardson did in Choctaw county,   on   or   about the 20th day of November, 1920, commit the crime of murder by shooting one S. C. Johnson with a premediated design to effect the death of said S. C. Johnson, inflicting certain mortal wounds in and upon the body of said Johnson, from which mortal wounds the said Johnson did die.   The complete allegations of the information will not be incorporated in this opinion, as the sufficiency of the information is not attacked.

On the 7th day of March, 1921, the defendant was arraigned on said charge, and   declared his true name to be Charley Richard, and pleaded not guilty to the charge, and was served with a copy of the information and a list of the witnesses to be used in chief against him, together with their post office addresses.

On the 10th day of March, 1921, both the state and defendant announced ready for trial, and a jury was duly impaneled and sworn to try the cause, and on the 11th day of March, 1921, after the conclusion of the evidence and argument of counsel on both sides, the jury returned into open court a verdict finding the defendant guilty of murder as charged in the information, and assessing punishment at imprisonment in the state penitentiary for life.   Motion for a new trial was in due time filed and overruled, and on the 25th day of March, 1921, the court rendered judgment in accordance with the verdict. Petition in error and case-made were filed in this court on the 9th day of September, 1921.   The petition in error contains eight assignments of error.   Consideration will be given to

those assignments relied upon for a reversal and supported by argument and authority in the brief filed in behalf of plaintiff in error.

It is first contended that the trial court erred in giving an instruction defining the term "reasonable doubt." The practice of trial courts in attempting to define the term "reasonable doubt" has repeatedly been condemned by this court. Any definition attempted to be given for such term more often results in confusion than otherwise. The instruction given in the instant case was identical with that given in the case of McDaniel et al. v. State, 8 Okla. Cr. 209, 127 Pac. 358, and the case of Mayfield et al. v. State, 17 Okla. Cr. 503, 190 Pac. 276, and also in the case of Thompson v. State, 16 Okla. Cr. 716, 184 Pac. 467, an instruction almost identical with that here given was held not to be reversible error.

While we adhere to the former opinions of this court that the better practice is not to attempt to define the term "reasonable doubt," nevertheless the instruction here given is not open to the objection urged against instructions defining such term which have been condemned by this court and held to be reversible error. For a discussion of the reasons why the instruction in this case is held not to be reversible error, see body of opinion in Mayfield v. State, supra.

Next it is contended that there is no evidence in the record tending to prove that the person shot and killed by the defendant was S. C. Johnson, the identical person alleged to have been killed. An examination of the record discloses sufficient evidence, in the absence of any controversion, that the person killed by the defendant was the identical person alleged to have been killed as charged in the information. Had this been a controverted issue there might be some merit in the contention of counsel for plaintiff in error.

Finally it is contended that the evidence is not sufficient to support the verdict and judgment. With this contention we cannot agree. The evidence by the state's witness clearly proved the defendant guilty of murder, and the defendant and his witnesses, while attempting to justify the killing on the ground of self-defense, disclosed no circumstances indicating either a real or apparent danger to the defendant at the time he fired the fatal shot.

It is urged, however, in this connection that the defendant is only guilty of manslaughter in the first degree. The trial court submitted the cause to the jury on the issues of defendant's guilt of either murder or manslaughter in the first degree and on justifiable homicide in self-defense. The jury decided the issue adversely to the defendant's contention here urged, and, as there is ample evidence in the record to support the verdict, if the state's witnesses are to be believed, the verdict and judgment will not be disturbed. For reasons stated the judgment is affirmed.

BESSEY and DOYLE, JJ., concur.