FRED BADGETT v. STATE.

No. A-10967.   June 1, 1949.

(207 P. 2d 359.)

W. C. Henneberry, Tulsa, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., and Elmer Adams, Co. Atty., Tulsa County, of Tulsa, for defendant in error.

BAREFOOT, J. Fred Badgett was charged in the court of common pleas of Tulsa county with the unlawful possession of intoxicating liquor; was tried, convicted and sentenced to serve three months in the county jail and to pay a fine of $250, and has appealed.

Counsel for defendant in his brief sets out seven assignments of error, but confines his argument to two propositions, the seventh and fifth assignments.

The first proposition is:

"The punishment is excessive and said 'verdict was rendered as a result of passion and prejudice."

The record discloses that two deputies from the office of the county sheriff of Tulsa county, armed with a search warrant for defendant's automobile, found him on the streets of Tulsa, served the warrant, searched his car and found therein aproximately 13 cases of tax-paid whisky and gin.

Counsel cites several cases in which this court has modified the judgment and sentence where the evidence did not show the defendant to be an old offender, and where the records of this court did not disclose any prior liquor violations by the defendant.

There is no question but that this court has the authority to modify a judgment and sentence. This authority is granted by the statutes, 22 O.S. 1941 § 1066. However, a judgment and sentence will not be modified unless it is clearly apparent from the record that the same is manifestly excessive, or that the punishment assessed was in part the result of passion and prejudice, and justice requires a modification of such sentence. Taking into consideration the amount of liquor found in the possession of this defendant, we are of the opinion that there is no merit in this contention.

The second proposition presents a more serious error. It is: "The court erred in instructing the jury."

The instruction complained of is as follows:

"You are instructed that the possession of more than one quart of whisky is prima facie evidence of the intent to sell, but that such prima facie evidence may be rebutted by proof on the part of the defendant that there was no intent on his part to sell or dispose of the same."

The defendant excepted to this instruction.

Counsel cites and relies upon the cases of Hughes v. State, 85 Okla. Cr. 25, 184 P. 2d 625, and Savalier v. State, 85 Okla. Cr. 87, 185 P. 2d 476. In the Hughes case, that part of the instruction complained of is as follows [184 P. 2d 628]:

"But while this is prima facie evidence of an intent on the part of the defendant to barter, sell or other-

wise dispose of the same contrary to law, it is a rebuttable presumption and can be removed by proof to the contrary."

In the Savalier case, supra, the objectionable part of the instruction was [185 P. 2d 478]:

"But while this is prima facie evidence of an intent on the part of the defendant on trial to convey, barter, sell or otherwise dispose of the same contrary to law, it is a presumption which can be rebutted and removed by proof to the contrary."

Both of these cases were reversed on the grounds that the instructions as above set forth were erroneous. In the Hughes case, the insufficiency of an instruction such as was given in the instant case is discussed at length, and a number of cases cited. In the Savalier case, this court said:

"We suggest that in the future after the trial court has given an instruction based on the statute relative to the prima facie evidence of defendant's guilt by reason of the possession in excess of one quart of intoxicating liquor (Tit. 37 O.S. 1941 § 82) he should give a further instruction defining the term prima facie evidence and we suggest that the instruction be given in substantially the following language: 'The term "prima facie evidence" as that term is used in the statute above mentioned is that degree of proof which unexplained or uncontradicted is sufficient, if it be credited by the jury, to establish the unlawful intent, yet it does not make it obligatory upon the jury to convict after the presentation of such proof; whether or not such evidence is sufficient to overcome the presumption of innocence of defendant and to establish his guilt beyond a reasonable doubt, when all the evidence is considered, is for the determination of the jury, and the term prima facie evidence as applied to the evidence does not shift the burden of proof from the state to the defendant.' "

For the reason above stated, the judgment of the court of common pleas of Tulsa county is reversed, and the case remanded, with directions to again try this defendant on this charge.

JONES, P. J., and BRETT, J., concur.