## UTO v. STATE.

No. A-11162.    Oct. 11, 1950.

(223 P. 2d 144.)

Walter C. Henneberry, Tulsa, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

BRETT, J. The plaintiff in error, Lee Uto, defendant below, was charged by information in the court of common pleas in Tulsa county, Oklahoma, with the offense of unlawful possession of one-half pint of tax-paid whisky. The offense was allegedly committed in Tulsa, Tulsa county, Oklahoma, on March 30, 1948. The defendant was tried by a jury, convicted, his punishment fixed at a $500 fine and 30 days in jail, and judgment and sentence entered accordingly.

This case was tried on April 20, 1948, and the appeal herein was perfected on November 3, 1948. The case was submitted on February 15, 1950, on the record and brief of the plaintiff in error. The state has filed no brief.

It is unnecessary that we detail the evidence. The defendant urges but two objections to the conviction herein, both of which are valid. He complains first of instruction No. 4, wherein the trial court in instructing the jury attempted to define the term "reasonable doubt". This court has repeatedly condemned similar instructions attempting to define reasonable doubt. In Moore v. State, 90 Okla. Cr. 415, 214 P. 2d 966, an able opinion by Judge Powell, it was said:

"We are at a loss to understand why the trial court gave the instruction complained of when such an instruc-

tion has been condemned in this jurisdiction from territorial days on to the present time. The first case reported in the Oklahoma Criminal Reports and being Abbott v. Territory, 1 Okla. Cr. 1, 94 P. 179, 16 L.R.A., N.S., 260, 129 Am. St. Rep. 818, is an opinion by Williams, C. J., (1908), basic reasons for the rule were detailed, and it was held: 'An instruction which states "by the term 'reasonable doubt' is meant a doubt that has a reason for it; it is a doubt you can give a reason for"—was erroneous, and is cause for reversal of the judgment.'

"See, also: Gibbons v. Territory, 1 Okla. Cr. 198, 96 P. 466; Price v. State, 1 Okla. Cr. 358, 98 P. 447; Reeves v. Territory, 2 Okla. Cr. 82, 99 P. 1021; Gragg v. State, 3 Okla. Cr. 409, 106 P. 350; Morgan v. State, 7 Okla. Cr. 45 121 P. 1088; Harris v. State, 10 Okla. Cr. 417, 137 P. 365, 139 P. 846; Gransden v. State, 12 Okla. Cr. 417, 158 P. 157; Soper v. State, 22 Okla. Cr. 27, 208 P. 1044; Hammons v. State, 80 Okla. Cr. 33, 156 P. 2d 379."

For further consideration of the conditions under which such instruction has been held not erroneous, see the opinion supra, none of which conditions therein discussed are present herein. Moreover, in Pritchett v. State, 78 Okla. Cr. 67, 143 P. 2d 622, 626, it was said:

"We, however, call attention to the fact that the court in this case, in instructing the jury, undertook to give a definition of 'reasonable doubt.' This court from its earliest decisions has advised against this practice."

In addition to citing Soper v. State, supra, cited the following cases in support of the rule: Douglas v. Territory, 1 Okla. Cr. 583, 98 P. 1023; Nelson v. State, 5 Okla. Cr. 368, 114 P. 1124; Choate v. State, 19 Okla. Cr. 169, 197 P. 1060; Burns v. State, 22 Okla. Cr. 151, 210 P. 302; Richard v. State, 24 Okla. Cr. 107, 216 P. 484.

Next the defendant complains of instruction No. 6 reading as follows, to wit:

"You are instructed that possession of more than one quart of whisky is prima facie evidence of intent to sell but that such prima facie evidence may be rebutted by proof on the part of the defendant that there was no intent on his part to sell the same."

In this connection the defendant contends and rightly so that the giving of instruction No. 6 in the form hereinbefore set forth is reversible error. See Hughes v. State, 85 Okla. Cr. 25, 184 P. 2d 625; Id., 85 Okla. Cr. 35, 184 P. 2d 630; Id., 85 Okla. Cr. 37, 185 P. 2d 236; Id., 85 Okla. Cr. 39, 185 P. 2d 238, four companion cases, wherein almost the identical instruction was given, condemned, and held to be reversible error, and cases cited therein. Therein and in the cases cited it has been held that in defining "prima facie" as used in this statute, the jury should be instructed that it was not obligatory upon the jury to convict, but that they must believe the defendant guilty from all of the evidence introduced, beyond a reasonable doubt. No such clause appears in the instruction in this case. The fact that the court in other instructions instructed the jury that it was necessary to find defendant guilty beyond a reasonable doubt did not protect defendant's rights in this instruction, which clearly places the burden upon the defendant of producing witnesses to prove his innocence. Such has been the repeated holding of this court. See, also, in this connection Savalier v. State, 85 Okla. Cr. 87, 185 P. 2d 476; Wilson v. State, 91 Okla. Cr. 157; 217 P. 2d 199; Miller v. State, 90 Okla. Cr. 14, 209 P. 2d 890; see, also, the first opinion in Miller v. State, 89 Okla. Cr. 200, 206 P. 2d 245, and the collection of authorities, wherein it was held such error must be preserved by proper objection and exception to be available to the defendant on appeal; Badgett v. State, 89 Okla. Cr. 268, 207 P. 2d 359. Most all the authorities cited are contained in defend-

ant's brief in support of his contention. Moreover it was error since the record discloses the defendant was not in possession of one quart of liquor and therefore not within the provisions of Title 37 O.S.A. 1941 § 82. In this case we again call attention to the fact the state has filed no brief herein. In Phillips v. State, 85 Okla. Cr. 81, 185 P. 2d 239, it was said:

"Where the brief of the defendant presents assignments of error supported by ample legal authority and no answer brief contesting the contentions of defendant is filed on behalf of the state, this court indulges the presumption that the state is unable to find authorities to dispute the proposition of law presented on behalf of the accused."

Cited with approval in Hodges v. State, 92 Okla. Cr. 176, 222 P. 2d 386; and Louis v. State, 92 Okla. Cr. 156, 222 P. 2d 160. We can only indulge a like presumption herein. Under the foregoing authorities the conviction herein had is therefore reversed and remanded for a new trial.

JONES, P. J., and POWELL, J., concur.