# WALLACE v. STATE.

No. A-11560. Nov. 19, 1952.

(250 P. 2d 484.)

Maurice E. Lampton, Sapulpa, and Charles E. Webster, Drumright, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and James P. Garrett, Asst. Atty. Gen., for defendant in error.

BRETT, P. J. Plaintiff in error, Frank Wallace, defendant below, was charged in the superior court, Drumright Division, of Creek county, Oklahoma, with the crime of contempt of court by reason of violating a temporary restraining order made and entered by said court. He was tried by a jury, convicted, and his punishment left to the court. The trial court sentenced the defendant to pay a fine of $300 and to serve a term of 60 days in the county jail, judgment and sentence was entered accordingly, from which judgment and sentence this appeal has been taken.

It appears herein that the defendant, prior to June 9, 1950, was engaged in operating what is known as the "Fon-Du-Lac" nightclub west of the city of Drumright. It appears that on June 9, 1950, the superior court of Creek county, Drumright Division, temporarily enjoined the defendant and others from keeping intoxicating liquors for sale upon certain described premises (the Fon-Du-Lac Night Club) in Creek county and from permitting any person or persons to congregate there for the purpose of buying or drinking intoxicating liquor. Thereafter, and on June 16, 1950, the defendant secured an order from the said court permitting him to re-open the Fon-Du-Lac for the purpose of conducting a legitimate business therein, but the remainder of the said temporary injunction was to remain in full force and effect. It further appears from the record herein that on the night of August 17, 1950, shortly before midnight, there was found on the premises covered by the restraining order one and one-half cases of whiskey under a clump of bushes approximately 30 feet northwest of the Fon-Du-Lac building, and that there was a well-defined path running from the Fon-Du-Lac building to the liquor. It further appears that another batch of whiskey was found in a can which had been sunk in the ground, a cover placed over the can and leaves and stuff piled on top thereof, said can containing this batch of liquor being about 25 feet north of the place where the one and one-half cases of liquor was found. The defendant was seen coming out of the timber where these batches of liquor were kept along the highway toward the Fon-Du-Lac. It further appears that the Fon-Du-Lac was open, and there were customers therein at the time. There was evidence that there had been drinking going on in and around the booths on the premises for there were "shot glasses" and "coke" bottles there and in the glasses there was an odor of alcohol. Moreover, the evidence discloses that the defendant was the possessor of a retail liquor dealer's stamp, covering the period of time herein in question, issued by H. C. Jones, Federal Collector of Internal Revenue.

164

The only question raised in this appeal is in regard to the court's instruction No. 5 defining the term "reasonable doubt". We will not repeat the same herein for it would only tend to further confuse. This court has repeatedly held that such an instruction may constitute reversible error. In Uto v. State, 92 Okla. Cr. 320, 223 P. 2d 144, 145, in construing a similar instruction, we said:

"This court has repeatedly condemned similar instructions attempting to define reasonable doubt. In Moore v. State, 90 Okla. Cr. 415, 214 P. 2d 966, 968, an able opinion by Judge Powell, it was said:

" 'We are at a loss to understand why the trial court gave the instruction complained of when such an instruction has been condemned in this jurisdiction from territorial days on to the present time. The first case reported in Oklahoma Criminal Reports and being Abbott v. Territory, 1 Okla. Cr. 1, 94 P. 179, 16 L.R.A., N.S. 260, 129 Am. St. Rep. 818, is an opinion by Williams, C. J. (1908), basic reasons for the rule were detailed, and it was held: "An instruction which states 'by the term "reasonable doubt" is meant a doubt that has a reason for it; it is a doubt you can give a reason for'—was erroneous, and is cause for reversal of the judgment."

" 'See also: Gibbons v. Territory, 1 Okla. Cr. 198, 96 P. 466; Price v. State, 1 Okla. Cr. 358, 98 P. 447; Reeves v. Territory, 2 Okla. Cr. 82, 99 P. 1021; Gragg v. State, 3 Okla. Cr. 409, 106 P. 350, Morgan v. State, 7 Okla. Cr. 45, 121 P. 1088; Harris v. State, 10 Okla. Cr. 417, 137 P. 365, 139 P. 846; Gransden v. State, 12 Okla. Cr. 417, 158 P. 157; Soper v. State, 22 Okla. Cr. 27, 208 P. 1044; Hammons v. State, 80 Okla. Cr. 33, 156 P. 2d 379.'

"For further consideration of the conditions under which such instruction has been held not erroneous see the opinion supra, none of which conditions therein discussed are present herein. Moreover, in Pritchett v. State, 78 Okla. Cr. 67, 143 P. 2d 622, 626, it was said: 'We, however, call attention to the fact that the court in this case, in instructing the jury, undertook to give a definition of "reasonable doubt." This court from its earliest decisions has advised against this practice."

"In addition to citing Soper v. State, supra, cited the following cases in support of the rule: Douglas v. Territory, 1 Okla. Cr. 583, 98 P. 1023; Nelson v. State, 5 Okla. Cr. 368, 114 P. 1124; Choate v. State, 19 Okla. Cr. 169, 197 P. 1060; Burns v. State, 22 Okla. Cr. 151, 210 P. 302; Richard v. State, 24 Okla. Cr. 107, 216 P. 484."

In Moore v. State, supra, Judge Powell said:

"A review of the authorities discloses that there have been a number of cases where this court gave an instruction covering reasonable doubt, and where the case was not reversed for that reason. In a number of instances this court approved the actual instruction defining reasonable doubt. See opinions by Judges Owen, Furman, Armstrong and Matson, respectively, and being: Chandler v. State, 3 Okla. Cr. 254, 105 P. 375, 107 P. 735, McDaniel v. State, 8 Okla. Cr. 209, 127 P. 358; Scribner v. State, 11 Okla. Cr. 189, 144 P. 626, and Burns v. State, supra. * * *

"In several other cases, though the giving of the instruction on reasonable doubt was criticized, the cases were not reversed because the court thought 'the guilt of the defendant was so clear and palpable from the evidence that no question of doubt could arise.' See: Gransden v. State, supra (12 Okla. Cr. 417, 158 P. [157] 162), and Burns v. State, supra, citing Sec. 6005. Rev. Laws 1910, being Tit. 22 O.S.A. § 1068, the 'harmless error' statute.

"The question here, then, is does the record present a case so clear as to leave no doubt as to the guilt of the defendant?"

A thorough examination of the record herein and of the evidence as hereinbefore set forth leads to the inescapable conclusion that there could be no doubt as to the guilt of the defendant in violating the temporary injunction in relation

to liquor violations on said premises. Hence, the error complained of is harmless. For all the above and foregoing reasons the judgment and sentence herein imposed is accordingly affirmed.

JONES and POWELL, JJ., concur.