Raymond Ray BROOKSHIRE, Plaintiff In Error,

v.

STATE of Oklahoma, Defendant In Error.

No. A–12152.

Criminal Court of Appeals of Oklahoma.

June 1, 1955.

W. H. Cooper, Anadarko, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., James P. Garrett, Asst. Atty. Gen., for defendant in error.

JONES, Presiding Judge.

Raymond Ray Brookshire was charged by an information filed in the County Court of Caddo County with the crime of driving an automobile on the public highway while under the influence of intoxicating liquor, was tried and found guilty by verdict of the jury who left the punishment to be fixed by the court. Thereafter the accused was sentenced to serve 60 days in the county jail and to pay a fine of $250.

Two propositions are presented by the appeal. 1. The evidence was insufficient to sustain the conviction. 2. The court erred in giving certain instructions over the objections of the accused.

The defendant admits that the proof established that he was driving a Mercury automobile on U. S. Highway 62 about a mile southwest of Anadarko at the time in question. The only disputed question of fact for the jury to determine was whether the accused was under the influence of intoxicating liquor at the time he drove his said automobile. On January 10, 1954, the automobile being driven by the accused skidded on slick pavement and turned over on a curve on the highway about a mile southwest of Anadarko. Only two witnesses testified for the State. Filmore Edgmon testified that on January 10, 1954, the defendant called him over the telephone and informed him that he had turned his car over west of Anadarko and wanted someone to investigate it as he wanted to move his car. Edgmon, a highway patrolman, informed defendant that he was not on duty at the time but he would get in touch with the other highway patrolman and have him go to defendant's house and talk to him.

M. R. Hellwege, a highway patrolman, testified that he went to the defendant's home and talked to the defendant and from the information he received it must have been about 45 minutes after the accident occurred. That defendant was very much intoxicated at the time he talked to him. That defendant told him that he was the driver of the car and that he had been to a bootlegger's southwest of town and had been drinking whiskey. That the witness went to the place where the automobile had overturned and found a broken bottle and pieces of a half-pint bottle which was labelled "Old Sunnybrook Whiskey." That the car had the odor of whiskey about it. That it was snowing intermittently and the pavement was wet and slick where the accident occurred.

Defendant testified that he was going about 30 miles an hour when he hit the

slick place on the pavement at the curve which caused his car to skid over the embankment and overturn. That he had not drunk any whiskey but had had a drink of beer about 5 hours before the accident occurred. That shortly after his car overturned Mr. and Mrs. Glenn McDowell came along and helped him out of the car and took him to the hospital. That he then went home and called the officers. That he called the officers about two hours after the accident. That after he went home he took a drink of whiskey but was not drunk when the officer came to his home. On cross-examination he admitted two previous convictions for public drunkenness.

Glenn McDowell testified that he was an eyewitness to the accident. That there were spots of ice on the road and that defendant's car hit a slick place and overturned. That he stopped and gave assistance. That he did not smell any intoxicants on defendant and that defendant appeared to be sober to him.

D. W. Higgins testified that he arrived at the scene of the wreck shortly after it occurred and while the defendant was still there. That he talked to defendant and that he did not smell any whiskey on or about him and defendant appeared to be sober.

Three character witnesses testified to the defendant's previous good reputation in the community but their testimony was considerably weakened on cross-examination when their attention was called to specific instances where the accused had been drunk in public places.

■ We certainly would not be justified in stating that the proof of the defendant's guilt was conclusive, to the contrary the evidence is slight and wholly circumstantial as to his being drunk when the car overturned. However, the testimony of the patrolman concerning the admissions made by the defendant, coupled with the fact that both patrolmen testified he was intoxicated about 45 minutes after the accident allegedly occurred, coupled with the further fact that there was an odor of whiskey at the car and a broken whiskey bottle found under the wreck are sufficient circumstances

to require the trial court to submit the issue of the guilt or innocence of the accused to the jury for their determination.

■ Complaint is made of certain instructions which are identical to those considered by this court in the case of Shaffer v. State, Okl.Cr., 283 P.2d 578. Because of the erroneous giving of those instructions in that case the cause was reversed and remanded for a new trial. We adhere to that ruling and adopt the syllabus of the case as the law applicable to the disposition of the question here presented.

■ In examining the instructions we find another instruction to which no complaint was made but which is erroneous and we mention it so that upon a new trial it will not be given and thus cause reversible error to enter the record. In instruction number two after the jury was advised that the burden of proof was upon the State to prove the defendant guilty beyond a reasonable doubt, it was further stated:

"You are instructed that beyond a reasonable doubt does not mean to a moral certainty. It does not mean beyond a mere possible or imaginary doubt, because everything relating to human affairs and depending upon human evidence is open to some possible or imaginary doubt. It does not mean a speculative doubt or vague conjecture or possibility of the innocence of the accused. It is such a doubt as naturally flows from a consideration of all the evidence; such a doubt as a sensible, honest and careful person would entertain after a careful and honest consideration of all the evidence seeking for the truth. It is only necessary that you have that certainty with which you transact your own most important concerns in life. If you have that certainty after a consideration of all the evidence, then you are convinced beyond a reasonable doubt."

This court has repeatedly condemned an instruction attempting to define the term "reasonable doubt." Wallace v. State, 96 Okl.Cr. 163, 250 P.2d 484; Uto v. State,

92 Okl.Cr. 320, 223 P.2d 144; Moore v. State, 90 Okl.Cr. 415, 214 P.2d 966, 968; and many other cases cited in those opinions. In Moore v. State, supra, this court said:

"We are at a loss to understand why the trial court gave the instruction complained of when such an instruction has been condemned in this jurisdiction from territorial days on to the present time."

Because of the erroneous giving of instructions, the cause is reversed and remanded for a new trial.

BRETT and POWELL, JJ., concur.