Frederick Earl KING, Plaintiff in Error,

v.

STATE of Oklahoma, Defendant in Error.
No. A–12155.

Criminal Court of Appeals of Oklahoma.
June 29, 1955.
Rehearing Denied July 20, 1955.

Wilhite & Hogan, Anadarko, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

JONES, Presiding Judge.

The defendant, Frederick Earl King, was charged by an information filed in the County Court of Caddo County with the offense of driving an automobile on a public highway while under the influence of intoxicating liquor, was tried, found guilty by verdict of the jury who left the punishment to be fixed by the court; thereafter defendant was sentenced to pay a fine of $125.00 and has appealed.

Counsel for the accused has called our attention to the fact that the issues presented on the appeal are identical to the issues involved in the case of Shaffer v. State, Okl.Cr., 283 P.2d 578, and Brookshire v. State, Okl.Cr., 284 P.2d 752, which were appeals from the County Court of Caddo County from convictions sustained for driving an automobile while intoxicated. Both of those cases were reversed because of erroneous instructions which were given by the trial court. Those two instructions were discussed at length in Shaffer v. State, supra.

We adhere to the ruling made in Shaffer v. State, supra, and Brookshire v. State, supra, that the instructions complained of were erroneous. However, a different question is here presented as to whether the instructions complained of constitute reversible error or whether they should be

treated as harmless error. In Shaffer v. State, supra, and Brookshire v. State, supra, a close factual question was presented as to the guilt of the accused. The jury especially in the Brookshire case could very readily have concluded under the evidence that the accused was not intoxicated at the time alleged. Under such circumstances instructions which might be misleading could have turned the balance against the accused.

An altogether different factual situation is here presented. Two highway patrolmen testified for the State and no evidence at all was introduced on behalf of the accused. The two patrolmen testified that they met the accused about 4½ miles west of Anadarko on Highway 62; that as he approached them he turned across the center line and almost ran into their car. That they encountered considerable traffic at that point and by the time they could turn their vehicle and start in pursuit of the accused, that they were unable to overtake him until he was within about one-half mile of Anadarko. While they were pursuing the accused they saw his car weaving from one side of the road to the other. When defendant's car was stopped, defendant staggered when he stepped from the car and was unable to speak coherently. He had difficulty trying to find his driver's license in his billfold. Each officer testified the accused was intoxicated. A pint bottle partially filled with whiskey was found under the front seat on the driver's side of the automobile.

We are forced to conclude under this state of the record that the jury was not misled nor confused by the giving of the erroneous instructions in arriving at their verdict of guilt. Any juror with due regard for his oath would have been compelled to have found the defendant guilty under the evidence. Certainly the sentence was not excessive. The instructions as shown in the Shaffer case, supra, were not so prejudicially erroneous that the mere giving of them would automatically entitle an accused to a new trial. In Hall v. State, 80 Okl.Cr. 310, 159 P.2d 283, 284, this court held:

"Under harmless error doctrine, established by the decisions and statutes of this State, a judgment will not be set aside or new trial granted on the ground of misdirection of the jury, unless after an examination of the entire record it appears that the error complained of has probably resulted in a miscarriage of justice, or the defendant has been deprived of a constitutional or statutory right. 22 O.S.1941 § 1068."

The judgment and sentence of the County Court of Caddo County is affirmed.

BRETT and POWELL, JJ., concur.