Alfred HUNTER, Plaintiff in Error,

v.

STATE of Oklahoma, Defendant in Error.

No. A–12177.

Criminal Court of Appeals of Oklahoma.

Sept. 27, 1955.

McFadyen & Pugh, Anadarko, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

JONES, Presiding Judge.

The defendant, Alfred Hunter, was charged by an information filed in the County Court of Caddo County with driving an automobile on the public highway while under the influence of intoxicating liquor, was tried, found guilty by verdict of the jury who left the punishment to be fixed by the court. Thereafter the defendant was sentenced to pay a fine of $125 and has appealed.

The defendant was a fullblood restricted Indian who did not have any attorney to represent him at the trial. On appeal many assignments of error are presented, most of them principally directed at instructions which we have heretofore condemned in the cases of Shaffer v. State, Okl.Cr., 283 P.2d 578 and Brookshire v. State, Okl.Cr., 284 P.2d 752. In the instant case since the accused represented himself and was apparently unfamiliar with court procedure, no exceptions were saved to the instructions which were given.

We are principally concerned with the proposition that the accused was denied a fair trial. Two highway patrolmen arrested the accused near Anadarko and each of them testified that in his opinion the accused was under the influence of intoxicating liquor. The defendant testified in his own behalf and admitted drinking three bottles of beer, but said that he was not under the influence of intoxicating liquor. After the assistant county attorney had asked several questions of the patrolman, Mike Hellwege, he then made this statement as shown by the record:

"Q. Now, it occurred to me this morning, Mike, that some of these men sitting in the Jury might like to ask some questions and it occurred to me that some of you gentlemen might like to ask some questions as to the facts, we want you to feel free to do so, you have the right and it is your duty, so if you would like to ask a question, you may ask him any question that you would like to, now do you gentlemen have any questions you would like to ask him?

"Juryman, Mr. Patton: Is the Court supposed to appoint a lawyer for him?

"The Court: Not in a misdemeanor case, they are in a felony case. This man has had plenty of time to consult an attorney in this case, but failed to do so.

"Juryman, Mr. Moss: My question is the charge the man has against him is driving under the influence, isn't it?

"Mr. Hanger: Yes.

* * * * * *

"Mr. Hanger: Mr. Moss, you stated about intoxication, now you understand that the man down in the gutter drunk driving is different than a man driving while under the influence of intoxicating liquor, that if a man has had a couple of drinks and his stomach is upset that he could become violent, but not drunk but still under the influence, do you understand that?

"Juryman, Mr. Moss: I understand. The reason for my question is when each witness is asked regarding to the sobriety of the defendant, was he drunk or sober, drunk isn't the charge.

"Mr. Hanger: No sir, it sure isn't.

"Mr. Hellwege: I—I don't—

"Juryman, Mr. Moss: The question was do you consider the man under the influence of alcohol? A. Well, Mr., what is your name, Mr. Moss, we try to engage our driving under the influence because according to law it has to affect the driving, he has to have enough alcoholic in his system to affect his driving and we have to try to determine by his actions and by his

driving in particular whether or not the alcohol has so affected him that it has affected his driving. I'm sure that you and everybody else has seen fellows, in your own mind, that they had been drinking, pretty heavy but they could still drive straight down the road, others could only have two bottles of beer and they drive all over the road, so, well, it's up to us to determine as to whether or not it has affected their driving, so as they can't drive properly and that's what we try to gauge it on.

"Juryman, Mr. Moss: The word drunk is what brought this up. A. Yes, I realize that."

At another place in the record it shows that a juror asked, "Isn't the Indian Agency supposed to take care of their affairs?" which question was unanswered.

█ In any criminal action whether it be for a felony or a misdemeanor, accused may waive his right to the assistance of counsel if he fully understands the nature of the charge against him and the consequences which may follow his waiver of his right to the assistance of counsel. In the instant case the record is silent as to whether the accused was ever arraigned and if so what advice was given by the court at the time of the arraignment as to the right of the accused to the assistance of counsel. The trial court was in error when he told the jury that it was not incumbent on the court to appoint a lawyer for a person accused of a misdemeanor. After the accused has been advised by the trial court of his right to the assistance of counsel and he states that he would like to have an attorney to represent him but is unable to employ an attorney, it is the duty of the court to assign an attorney to represent him. The Constitution guarantees an accused "in all criminal prosecutions" the right to appear by counsel. No distinction is drawn between a felony or misdemeanor as the person charged may be deprived of his liberty under either prosecution. Article 2, Section 20, Oklahoma Constitution.

█ It is evident to us from the statements of two of the jurors that they felt concerned about the nature of the proceedings because it was so apparent that the rules governing the admission of evidence were not being followed. The witnesses for the prosecution were allowed to make conjectures, surmises and conclusions which if objected to would have been excluded. As shown by the above quoted portions of the testimony, one of the highway patrolmen was permitted to state to the jury the general rules followed by the patrol in attempting to determine who should be prosecuted and then the assistant county attorney advised the jury that there was a distinction between "gutter drunk driving" and "driving while under the influence of intoxicating liquor" and that if a man had a couple of drinks he might not be drunk but he could be under the influence of intoxicating liquor and thus violate the law. This statement was wholly improper as the questions of law for the guidance of the jury should be given by the court in its instructions.

Our Oklahoma Constitution provides that "right and justice shall be administered without sale, denial, delay, or prejudice." Article 2, Section 6.

██ We are not holding that the defendant could not have represented himself if he so desired at the trial, but in any criminal action where the defendant appears without counsel and does not wish the services of counsel, the court should be extraordinarily diligent to see that no unfair or prejudicial statement is made during the trial of the case. We feel that such was not done in this case. The judgment and sentence of the County Court of Caddo County is reversed and the case is remanded for a new trial.

BRETT and POWELL, JJ., concur.